## 48540. BROWN v. THE STATE.

SUBMITTED SEPTEMBER 11, 1973 — DECIDED OCTOBER 16, 1973.

12

*Ellis & Ellis, George R. Ellis, Jr.,* for appellant.
*Claude N. Morris, District Attorney,* for appellee.

BELL, Chief Judge. ■ Where the informer's hearsay is relied on to furnish probable cause, two tests must be met: (1) The reasons for the informer's reliability must be shown and (2) the affidavit must state how the informer obtained the information or must describe the criminal activity in such detail that the magistrate may know it is more than a casual rumor circulating in the underworld or an accusation based merely on the individual's general reputation. *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473). The affidavit here was sufficient to show that the informer was reliable. The question is whether the second test has been met. The informer did not reveal the source of his information that drugs were used and sold on the premises, i. e., whether he learned this by personal observation or from other sources and whether the other sources were reliable. On the other hand, while the informer does not state the way in which he obtained his information, he stated that he had observed the defendant selling marijuana approximately a week earlier and he was very specific in giving detailed information as to the usual place where the drugs were lodged on the premises. When the issuing magistrate was confronted with the detail as to the past reliability of the informant, the informer's personal knowledge of the recent prior sale and the usual place where the drugs were hidden, together with the police officers' knowledge of the defendant's prior drug violation, the magistrate could reasonably infer that the

information was gained in a reliable way and was more than a casual rumor circulating in the underworld and more than an accusation based merely on the individual's personal reputation. See Draper v. United States, 358 U. S. 307 (79 SC 329, 3 LE2d 327); Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637); United States v. Harris, 403 U. S. 573 (91 SC 2075, 29 LE2d 723). The court properly denied the motion to suppress.

■ While conducting the search a bucket containing marijuana and other illegal drugs was found in bushes about 22 steps from the back door. The defendant and his two cotenants were advised of their right to remain silent and then were asked by an officer as to whom the drug belonged. The defendant responded and stated that the drugs belonged to "the Mafia" and "laughed." At the trial the other two occupants of the house testified as state's witnesses and denied any knowledge of the presence of the drugs in the back yard. It was also shown that other people had access to the premises, both before and during the search. The defendant in an unsworn statement disclaimed any knowledge as to how the drugs became hidden in his back yard and said that his answer to the officer's query as to the ownership of the drugs was nothing more than a joke. Merely finding drugs on the premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. Gee v. State, 121 Ga. App. 41 (172 SE2d 480). While it is true that there is evidence that other persons had access to the premises, and thus equal opportunity to commit the crime, nonetheless the defendant's statement to the police that the drugs belonged to the "Mafia" is evidence that he had knowledge of the hidden drugs. Whether the statement was meant as a joke was a question for the jury to decide. This evidence of knowledge by the defendant would authorize the jury to infer that defendant was in possession and control of the drugs. It was not error to deny the motion for directed verdict of acquittal. Merino v. State, 230 Ga. 604 (198 SE2d 311).

*Judgment affirmed. Deen and Quillian, JJ., concur.*