## 50699. BLANKENSHIP v. THE STATE.
## 50700. COLLINS v. THE STATE.
## 50701. LEDFORD v. THE STATE.
## 50702. LITTLE v. THE STATE.
## 50703. HOGSED v. THE STATE.

BELL, Chief Judge.

Defendants Blankenship, Hogsed, Ledford, Collins, and Little were all convicted of possessing more than one ounce of marijuana. Hogsed, Ledford and Little were also convicted of the possession of methobarbital.

The state's evidence showed that the police officers executed a search warrant on a house owned by the defendant Little's father. On entry, the five defendants were apprehended, along with three juveniles. At the time of entry defendant Blankenship was observed to drop a metal pot into a wood burning stove. At the direction of the district attorney who was present no effort was made to salvage a green material observed lying on hot ashes in the stove. A deputy sheriff gave the opinion that the material was marijuana from its odor. He based his

opinion on his past contact on "several different occasions" with marijuana. In the ensuing search eight small plastic bags were found on the floor in what was described as the dining room of the house by one of the officers. It was stipulated that the bags contained more than an ounce of marijuana. Five methobarbital pills were also found on or under a couch in the living room. No contraband was found on the person of any of the defendants. During the period of the search eighteen other unidentified individuals entered the house. Testifying in their own behalf, all defendants denied possessing any marijuana or any other prohibited matter. The defendant Blankenship testified that on arrival at the house she had picked up a small trash can near the stove and had started to clean the front room of debris. She was in the process of emptying the can into the stove when the breaking open of the door by the police caused her to drop the can into the stove. She denied having any knowledge that the can had contained any marijuana. All of the defendants except Collins moved for a directed verdict of acquittal at the close of the evidence. The motions were denied. *Held:*

The evidence totally fails to show that any of the defendants was in either actual or constructive possession of the plastic bags which contained more than an ounce of marijuana. There is no evidence that the three defendants who were convicted of possession of methobarbital were in possession of these pills which were found on or about the couch. At best, all the state's evidence shows is that in this house there were numerous individuals all of whom had equal opportunity to commit the crime but totally failed to connect or establish possession in any of the defendants. "Merely finding contraband on premises occupied by defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." *Gee v. State,* 121 Ga. App. 41, 42 (172 SE2d 480). Presence at the scene of a crime and nothing more will not support a conviction. *Sweat v. State,* 119 Ga. App. 646 (168 SE2d 654). Even assuming, but not deciding, that the material defendant Blankenship placed in the stove was marijuana, this standing alone is

insufficient to authorize her conviction of the possession of more than an ounce of marijuana. The evidence and all reasonable deductions and inferences demand an acquittal as to all defendants. The trial judge erred in denying the respective motions for directed verdict made by four of the defendants. We reverse as to them with direction to enter verdicts of acquittal. As to the defendant Collins, the evidence does not authorize the entry of the judgment of conviction and sentence in his case and it also must be reversed.

*Judgments reversed with direction in Cases Nos. 50699, 50701, 50702, 50703. Judgment reversed as to Case No. 50700. Webb and Marshall, JJ., concur.*

ARGUED JUNE 2, 1975 — DECIDED JULY 16, 1975.

*Murray M. Silver,* for Blankenship, Ledford, Little, and Hogsed.

*Carr & Beck, Claude S. Beck,* for Collins.

*V. D. Stockton, District Attorney,* for appellee.