## 52866. WALKER v. THE STATE.

WEBB, Judge.

Walker was indicted for possession of marijuana and phenoxynethyl penicillin in violation of Georgia Controlled Substances Act. He appeals from the denial of his motion to suppress evidence and his conviction.

1. The marijuana was found in a cooler about 100 yards from Walker's house trailer at the end of a path which began at the trailer. We conclude that this was within the curtilage. *Norman v. State,* 134 Ga. App. 767, 768 (1) (216 SE2d 644) (1975).

The penicillin pills were in three plastic vials without prescription labels in a dresser drawer located in the bedroom shared by Walker and his wife. Walker testified that his wife had obtained them for her bronchitis, and contends that merely finding the contraband on the premises was not sufficient to convict him since it affirmatively appeared from the evidence that other persons had an equal opportunity to commit the crime. The cases cited in support of this argument, however, involve complete public access to the premises, whereas here there was no evidence that anyone other

than Walker or his wife used or had access to their bedroom. "In the absence of any circumstances to the contrary, a presumption arises from proof of ownership and control of premises, an automobile, or other property that the owner is in control and possession of contraband found therein. [Cits.]" *Elrod v. State,* 128 Ga. App. 250, 251 (1) (196 SE2d 360) (1973). Whether or not Walker presented sufficient evidence to rebut the inference arising from the finding of the pills in his bedroom was a question for the jury to decide and it decided the question adversely to him. See *Kent v. State,* 105 Ga. App. 312, 314 (1) (124 SE2d 296) (1962). The evidence was sufficient to support the verdict. Accordingly, the first enumerated error cannot be sustained.

2. In enumerations contesting the overruling of his motion to suppress evidence and admission of the seized evidence, Walker complains that in specified paragraphs of the affidavit supporting the search warrant the information contained therein is stale and based on hearsay upon hearsay, that there is no evidence of the informant's reliability, and that he was not connected with the illegal activities alleged.

" 'The determination of what time lapse is permissible depends on several factors, including the nature of the crime. There is no rule of thumb even for cases dealing specifically with narcotics . . .' *Tomblin v. State,* 128 Ga. App. 823, 825 (3) (198 SE2d 366) (1973). The test for probable cause is the totality of the evidence before the magistrate. *State v. Causey,* 132 Ga. App. 17, 20 (1) (207 SE2d 225) (1974)." *State v. Mitchell,* 140 Ga. App. 23 (3).

The errors enumerated by Walker as to particular paragraphs taken out of context are cured when the affidavit here is read as a whole. The affiant, a special investigator for the Northeastern Judicial Circuit, stated that he had received information linking Walker to the regular sales of marijuana from two reliable, confidential informants who had previously furnished information leading to the arrest and convictions of numerous persons; and that subsequent to the receipt of that information he "received information from Sheriff Roy Helton of Dawson County that Richard Walker is now selling marijuana at

his trailer located on Spur 136 a short distance from the Dawson County Courthouse."

"When a police officer is the informant the reliability of the informant is presumed as a matter of law. [Cit.]" *State v. Causey,* 132 Ga. App. 17, 20, supra. "Observations of fellow officers of government engaged in a common investigation are a reliable basis for a warrant applied for by one of their number." *McNeal v. State,* 133 Ga. App. 225, 228 (2) (211 SE2d 173) (1974), citing United States v. Ventresca, 380 U. S. 102, 110 (85 SC 741, 13 LE2d 684 (19)); *Baxter v. State,* 134 Ga. App. 286, 289 (1) (214 SE 2d 578) (1975) (cert. den. 423 U. S. 895). "That factual information is relayed by police to other law enforcement officers does not render it per se subject to a 'double hearsay' objection, the question being whether probable cause is shown. [Cit.]" *Meneghan v. State,* 132 Ga. App. 380, 383 (2c) (208 SE2d 150) (1974). The use of the present tense by the affiant was sufficient to authorize the issuing judicial officer to make an independent determination that the observation of the policeman relied upon was current and not stale. *Danford v. State,* 133 Ga. App. 890 (212 SE2d 501) (1975) and cits.; *Walker v. State,* 136 Ga. App. 857, 858 (222 SE2d 676) (1975).

A reading of the entire affidavit reveals ample basis for probable cause to conclude that the illegal drugs were located on Walker's premises.

3. The following charge is assigned as error: "If two or more persons share actual or constructive possession of the thing the possession is joint. The jury is authorized to convict if they should find beyond a reasonable doubt that a defendant has actual or constructive possession, and/or whether it is joint possession with someone else, or sole possession. Now there is no inference of possession merely by ownership, or by renting and occupying premises where drugs are found. However, if the evidence shows that a defendant actually occupies premises, whether as an owner, lessee or tenant, there may be drawn certain inferences or presumptions applicable in this case if you find the evidence supports the same, but these inferences or presumptions may be rebutted by evidence to the contrary. In the case of a dwelling an inference may be drawn that the person renting or occupying it is in

possession of the contents herein. However, again, such presumption or inference is rebuttable, and by that is meant that any presumption or inference of possession occasioned by being the owner or the renter or the occupier of premises may be overcome by evidence showing that the drugs were not the property of such person, and were not there with his knowledge and consent."

Walker urges that the above charge shifts the burden of persuasion to him to establish an affirmative defense, and is thus reversible error under *State v. Moore,* 237 Ga. 269 (227 SE2d 241) (1976). The Supreme Court specifically points out, however, on page 270 of that opinion, that "usual charges on presumptions are not considered 'burden shifting' charges, nor are charges that such presumptions may be rebutted." The charge as given substantially sets forth the law of presumptions arising from ownership and was not erroneous for the reasons assigned. See *Crumley v. State,* 135 Ga. App. 394 (1) (217 SE2d 464) (1975) and cits.

4. The trial court did not err in failing to grant Walker's motion for mistrial based upon a reference to the serious problem created by the sale of beer and marijuana made during argument by the assistant district attorney. The court excluded the remark, instructed the jury to disregard it and not relate it "to the possibility of this defendant selling." Since the trial court took appropriate corrective action this was sufficient to avoid a mistrial, and no abuse of discretion appears. *Herrmann v. State,* 235 Ga. 400, 402 (220 SE2d 2) (1975); *Jones v. State,* 128 Ga. App. 885, 886 (1) (198 SE2d 336) (1973).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 4, 1976 — DECIDED OCTOBER 28, 1976 — REHEARING DENIED NOVEMBER 12, 1976.

*Luman C. Earl, Glyndon C. Pruitt,* for appellant.
*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Jim Whitner, Assistant District Attorneys,* for appellee.