McMurray, Judge.
Defendant was indicted for murder and convicted of voluntary manslaughter. She was sentenced to serve 20 years. Defendant appeals. Held:
1. Deceased was killed when she was involved in an altercation with the defendant, and the defendant allegedly hit her with a pistol and same discharged. While the defendant contends there was no provocation or "mutual combat” and that she did not intend to harm the deceased, nevertheless there was sufficient inference of a fight or confrontation, and it was for jury determination as to the guilt of the defendant. The evidence was legal and competent; and sufficient to support the verdict. There is no merit in either the general grounds of the motion for new trial or defendant’s motion for judgment notwithstanding the verdict. Alfred v. State, 6 Ga. 483 (2); Reed v. State, 195 Ga. 842 (7) (25 SE2d 692).
2. The next enumeration of error concerns a charge which the defendant contends was burden shifting as to the burden of persuasion and burden of proof in violation of State v. Moore, 237 Ga. 269 (227 SE2d 241). The charge in question is that the law presumes a person intends to accomplish the natural and probable consequences of his conduct and where a person uses a deadly weapon in a manner in which such weapons are ordinarily employed to produce death, and causes the death of a human being, the law presumes an intention to kill. But this presumption may be rebutted by the defendant. See Code §§ 26-604, 26-605; Kramer v. State, 230 Ga. 855 (1) (199 SE2d 805). The Supreme Court pointed out in Moore at p. 270, "that usual charges on presumptions are not *652 considered 'burden shifting’ charges, nor are charges that such presumptions may be rebutted.” See also Walker v. State, 140 Ga. App. 418, 421 (231 SE2d 386). There is no merit in this complaint.
Submitted May 3, 1977
Decided May 26, 1977
Rehearing denied June 27, 1977
3. The written request to charge by the defendant as to setting forth the facts as to the incident being more favorably stated towards the defendant’s contentions than that of the state is argumentative in nature, and the court did not err in refusing to give this charge.
4. The charge complained of given by the court that the defendant stated that what she did was in self-defense to save her life and repel a felonious assault made upon her by the deceased was the defense given by the defendant and is not subject to the attack made. There is no merit in this complaint.
5. The court having considered evidence during the sentencing phase of the trial and having imposed the maximum possible sentence of 20 years, this court cannot say it is excessively harsh and severe under the circumstances. While as stated in Porterfield v. State, 139 Ga. App. 553 (228 SE2d 722), the trial court may have inherent authority to modify a judgment or sentence at a later date during the same term, nevertheless the sentencing of the defendant to the maximum time cannot be said to be excessively harsh and unduly severe. Furthermore, pursuant to the provisions of Code Ann. § 27-2511.1 (a) (Ga. L. 1974, pp. 352, 358) under specified procedures, "In any case, except cases in which the death penalty is imposed, in which a sentence of five or more years . . . has been fixed and imposed by a judge, . . . the defendant shall have the right to have such sentence . . . reviewed by a panel of three superior court judges. The purpose of such review shall be for the determination of excessive harshness in the sentence... so imposed.” There is no merit in this complaint.

Judgment affirmed.

Bell, C. J., and Smith, J., concur.

Gilmore, Waddell & Phillips, Thomas J. Phillips, Jr., for appellant.
Joseph H. Briley, District Attorney, for appellee.