58649. McTIER v. THE STATE.

SOGNIER, Judge.

McTier was convicted in the Superior Court of Laurens County of unlawful possession of more than one ounce of marijuana, in violation of the Georgia Controlled Substances Act. Appealing pro se, he contends (1) the

evidence is insufficient to support the verdict; (2) the trial court erred in admitting evidence obtained as a result of the illegal search warrant; (3) Georgia law making a husband the head of the household is unconstitutional; and (4) that his retained counsel was ineffective, thereby denying him his right to effective assistance of counsel.

Evidence presented at trial authorized the jury to find that an investigator for the Laurens County Sheriff's Office received information from two informers that McTier was selling marijuana and cocaine. Based on this information, the investigator obtained a search warrant and he and several other law enforcement officials went to McTier's residence on August 24, 1977 and conducted a search. They found some seeds and a green leafy substance which analysis revealed was marijuana. McTier's wife testified that the marijuana had been given to her to hold for some friends and her husband knew nothing about the marijuana; she would not disclose the name of her friends. She also testified that her husband was on probation and would not allow marijuana to be kept in the house. McTier also denied having any knowledge that the marijuana was in his wife's house. They both testified that the house was rented by Mrs. McTier, as she and her husband were separated periodically, although he lived at the house most of the time.

1. We find the evidence related above more than sufficient to justify the verdict in this case. It is apparent the jury chose not to believe the testimony of the McTiers regarding his lack of knowledge and possession of the marijuana. The weight of the evidence and credibility of witnesses are questions for the triers of fact (*State v. Smith,* 134 Ga. App. 602 (215 SE2d 345) (1975)), and this court passes on the sufficiency of evidence, not its weight. *Dillard v. State,* 147 Ga. App. 587, 588 (249 SE2d 640) (1978). After a review of the entire record, we find that a rational trier of fact could reasonably have found from the evidence presented at trial proof of guilt of McTier beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. With regard to Enumeration 2 no objection was made to the admissibility of evidence obtained as a result

of a search pursuant to warrant. It is well settled that this court will not consider questions raised for the first time on appeal. *Ridley v. State,* 141 Ga. App. 854 (1) (234 SE2d 688) (1977). Thus, there is nothing for us to review in regard to this enumeration of error.

3. In regard to Enumeration 3 the judge's charge that a husband is recognized by law as the head of the family was legally correct and proper. Code Ann. § 53-501. When a husband and wife reside together, he is head of the house, whether it is owned or rented to the husband or the wife. *West v. State,* 74 Ga. App. 453 (2), 457 (40 SE2d 156) (1946). Hence, this enumeration is without merit.

4. In his final enumeration of error appellant contends that his retained counsel was ineffective in representing him prior to and during trial because he did not object to the legality of the search warrant. Appellant cites no authority, makes no reference to the record where the alleged error occurred, and presents no argument on this issue in his brief. Accordingly, under Rule 15 (c) (2) of this court (Code Ann. § 24-3615 (c) (2)), the claimed error is abandoned. *Williams v. State,* 146 Ga. App. 543 (246 SE2d 729) (1978); *O'Neal v. Haverty Furniture Cos.,* 138 Ga. App. 346 (226 SE2d 141) (1976).

*Judgment affirmed, McMurray, P. J., and Banke, J., concur.*

Submitted October 15, 1979 — Decided February 21, 1980.

William Elbert McTier, *pro se.*
*Beverly B. Hayes, District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellee.