## 59624. PERSON v. THE STATE.

Sognier, Judge.

Person and a co-defendant, Thomas, were convicted in the Superior Court of Clarke County of possessing marijuana in violation

of the Georgia Controlled Substances Act (Code Ann. § 79A-801 et seq.). Person enumerates the general grounds and the trial court's failure to give a requested charge on "equal access" as error.

Evidence presented at trial discloses that early on the morning of September 2, 1978 police entered a motel room in Athens, Georgia which had been rented by appellant for himself, Thomas and their two dates, who had come to Athens from Atlanta for a party. When the police entered the room appellant was lying on one bed and Thomas was lying on the other bed. Their two dates, who had reported Thomas and appellant to the police, were not present. Police found a paper grocery sack containing two plastic bags and several small manila envelopes under the bed occupied by Thomas; a separate small manila envelope on the floor equi-distant between the two beds; and a brown vinyl pouch; there was no testimony as to where the pouch was located, or what, if anything, it contained. The two plastic bags and several of the small manila envelopes inside the grocery sack, as well as the small manila envelope on the floor, contained a green leafy substance, later identified as marijuana. Both Thomas and appellant disclaimed any knowledge of the marijuana, and the state witnesses, including the two girls who had accompanied Thomas and appellant, testified that they had never seen Person with any marijuana in his possession and had not seen him smoke any marijuana. Debra Palmer, the girl who accompanied Thomas to Athens, testified that prior to leaving Atlanta Thomas had put a packet of marijuana "reefers" down the front of her blouse; she identified one of the packages found in the motel room as the same packet of marijuana Thomas had given her. Based on this evidence both Thomas and appellant were convicted of the unlawful possession of marijuana.

This court affirmed the conviction of Thomas, who enumerated the same errors as appellant here. *Thomas v. State,* 153 Ga. App. 686 (266 SE2d 335) (1980). However, each case must be decided on its own merits and we find this case distinguishable from *Thomas.* In *Thomas* there was direct evidence connecting that defendant with some of the marijuana found in the room and additionally, the majority of the marijuana was found under the bed being used by Thomas. Thus the only evidence, all circumstantial, connecting appellant to the marijuana was that he was in the same room and the room had been rented in the name of "John Persons" (appellant's first name is Danny). In our opinion, this is not sufficient to sustain Person's conviction. Our court has held consistently that "[m]erely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal

opportunity to commit the crime. [Cits.]" *Gee v. State,* 121 Ga. App. 41, 42-43 (1) (172 SE2d 480) (1970); *McCann v. State,* 137 Ga. App. 445 (224 SE2d 99) (1976). Our Supreme Court has held that this is a correct principle of law. *Ivey v. State,* 226 Ga. 821, 823 (3) (177 SE2d 702) (1970). In the instant case three persons other than Person had access to the room — Thomas and the two girls, one of whom admitted having some of the marijuana in *her* possession prior to coming to Athens. As there is nothing other than Person's presence in the room to connect him to the contraband, the evidence is not sufficient to support his conviction. *Gee v. State,* supra. Accordingly, the judgment of the trial court must be reversed. In view of our holding on the general grounds, it is not necessary to discuss Enumeration 4.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED MARCH 6, 1980 — DECIDED
JUNE 27, 1980.

*Edward D. Tolley,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Assistant District Attorney,* for appellee.