## 59809. MOORE v. THE STATE.

MCMURRAY, Presiding Judge.
Defendant was indicted, tried and convicted of the offense of violation of the Georgia Controlled Substances Act. The indictment was in two counts. Count 1 had reference to the unlawful possession and control of cocaine and Count 2 involved the unlawful possession and control of less than one ounce of marijuana, a misdemeanor. As to the possession of cocaine, the defendant was sentenced to serve a

term of six years. As to the misdemeanor he was sentenced to serve a term of 12 months to run concurrently with the sentence imposed in Count 1. A motion for new trial based upon the general grounds was filed, heard and denied. Defendant appeals. *Held:*

1. Defendant, while driving his own automobile on the date in question in Atlanta, Fulton County, Georgia, was stopped for speeding and for not having a current license tag decal. When he exited the car he advised the officer that he did not have a valid driver's license. At that time the officer observed a folded up dollar bill on the floor of the automobile, folded up very neatly into approximately a square inch and also a piece of clear plastic sticking out from between the seat and the transmission hump of the vehicle. There was a female passenger on the right side of the front seat. The defendant was placed in the rear seat of the police car under arrest, although it does not appear that the officer actually advised him at that time that he was under arrest. However, the officer testified that an arrest was definitely in order at that time. Before being placed in the rear of the police car he was searched but nothing of interest was disclosed as to a weapon or contraband. The officer then returned, had the female exit the car and stand to the rear of the vehicle. He then took possession of the dollar bill folded up into a square, the clear plastic sandwich-type bag containing a white powdery substance, and a piece of tin foil right next to the plastic bag. The tin foil contained less than an ounce of marijuana. While powder was found in the plastic bag as well as folded up inside the dollar bill. After examination of the evidence by the Georgia State Crime Laboratory the white powdery substance was identified as cocaine and the leafy substance in the tin foil was marijuana. The officer also testified that his search at that point in time of the vehicle was for the purpose of impounding the vehicle in order to protect himself as to what was in the vehicle when it was impounded. The officer also testified that in an attempt to identify the female he learned that she had been convicted of a drug charge, and the drugs found in the car were about the same distance from the defendant as they were from the female passenger.

As defendant was the driver and the owner of the automobile, in the absence of any circumstances to the contrary, the drugs found in the automobile are presumed to be his and to be in his possession. *Autry v. State,* 150 Ga. App. 584, 586 (2) (258 SE2d 268); *Hawkins v. State,* 141 Ga. App. 31 (1) (232 SE2d 377); *Bradley v. State,* 137 Ga. App. 670, 671 (1) (224 SE2d 778) cert. denied 429 U. S. 918; *Elrod v. State,* 128 Ga. App. 250, 251 (1) (196 SE2d 360). Of course, the evidence of equal access to the drugs would be sufficient to overcome the presumption that the contraband belonged to the defendant and

was in his possession. Whether or not this evidence was sufficient to rebut the inference arising from the finding of the drugs in the automobile is a question for the jury to decide. The jury decided this question adversely to him. *Kent v. State,* 105 Ga. App. 312, 314 (1) (124 SE2d 296); *Walker v. State,* 140 Ga. App. 418, 419 (1) (231 SE2d 386). The evidence authorized the defendant's conviction and did not demand a verdict of acquittal. After a careful review of the trial transcript and record, we find and so hold that a rational trier of fact (the jury in the case sub judice) could easily have found the defendant guilty beyond a reasonable doubt of each of the offenses charged against him. There is no merit in any of the general grounds of the motion for new trial. *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133). The enumeration of error contending that since the evidence is entirely circumstantial it must not only be consistent with the hypothesis of guilt but it must exclude every other hypothesis save the guilt of the defendant is also not meritorious.

2. Error is enumerated that the trial court erred in denying defendant the right to tender into evidence the record of the conviction of a drug charge of the female passenger. The female did not testify at the trial although she had been subpoenaed by the State. She was neither a defendant nor witness at the trial, hence, her conviction record was irrelevant and immaterial here. See Code § 38-201. However, assuming, arguendo, that it was error to exclude the evidence of her conviction of one offense and entering a nolo contendere plea to another, this type of information was introduced by the State in the testimony of the officer that she admitted that she had been convicted of a drug charge and shows the withholding of such evidence to be harmless where the admissible evidence of the same fact is introduced. There is no merit in this complaint as we find no substantial error sufficient to grant a new trial. *Glass v. State,* 235 Ga. 17, 19 (218 SE2d 776); *Robinson v. State,* 229 Ga. 14, 15 (1) (189 SE2d 53); *Holmes v. State,* 148 Ga. App. 817 (1) (253 SE2d 237); *Patrick v. State,* 150 Ga. App. 266, 267 (1) (257 SE2d 356).

3. The female passenger was subpoenaed as a witness. However, the State did not call her to testify. Error is enumerated that the defendant was denied a fair trial when the State failed to present a material witness. There is no requirement that the State call more witnesses than it needs to present its case. *Reaves v. State,* 242 Ga. 542, 556 (10) (250 SE2d 376); *Glover v. State,* 149 Ga. App. 369, 371 (3) (254 SE2d 492).

Under the circumstances the defendant could have subpoenaed this witness and called her as a witness. Defendant had no right to expect that the witness would testify for the State, nor was the State

required to give any legal notice in order that the defendant might subpoena her. The State has not withheld evidence favorable to the defendant inasmuch as no showing has been made as to what her testimony might have been.

4. The defendant made certain written requests to charge with reference to the issue of equal access of other persons, that is, equal opportunity to commit the crime, and error is now enumerated that the trial court failed to charge thereon. The trial court did give in charge that possession of contraband may be sole or joint; that one person alone may have actual or constructive possession and that two or more persons may share actual or constructive possession. The trial court also instructed the jury that merely having been in the vicinity of the contraband does not, without more, establish possession. The trial court also charged: "If a person is driving an automobile or has an automobile in his possession, custody or control, all in that automobile is presumed to be his and in his possession. But the presumption, however, may be rebutted."

At the completion of the charge the court asked if there were any objections to the charge by the defense, at which time counsel for the defendant stated "my only objection is to the parties to a crime charge." The State here contends that by not objecting to the failure to charge as to the written requests counsel for the defendant waived any error in the charge, citing *Mayfield v. State,* 150 Ga. App. 807 (3) (258 SE2d 613). In *Mayfield v. State,* 150 Ga. App. 807, supra, counsel responded to a query as to whether defendant had any exception to the charge, "None, your Honor." In support thereof, *Mayfield* cites *White v. State,* 243 Ga. 250, 251 (253 SE2d 694). In *White v. State,* 243 Ga. 250, 251, supra, it was held that a defendant waives his right to enumerate error to the charge by failing to respond to the trial court's inquiry as to any objections to the charge.

A reading of the charge here shows that the court, in its instructions, gave in substance the language of the written request to charge on the issue of equal opportunity to commit the crimes here complained of. We find no reversible error in the failure of the court to give the verbatim requests to charge.

Further, we note the police officer testified that after the drugs were found he advised the defendant in the police car as follows: "Guess what I found in your car" and the defendant replied to him that it was not his "stuff." This evidence was an acknowledgment by the defendant that the police officer had found "stuff." As in *Brown v. State,* 130 Ga. App. 11, 13 (2) (202 SE2d 268), this evidence would clearly authorize the jury to infer that the defendant was in the possession and control of the drugs.

Having examined each and every assignment of error and

considered all of the arguments found in defendant's brief, we find no reversible error.

*Judgment affirmed. Banke, J., concurs. Smith, J., concurs specially.*

SUBMITTED APRIL 16, 1980 — DECIDED JULY 2, 1980.

*Murray M. Silver,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Michael Whaley, Margaret V. Lines, Assistant District Attorneys,* for appellee.

SMITH, Judge, concurring specially.

Appellant's conviction is not subject to reversal for any of the reasons asserted in this appeal. I therefore concur in the judgment.

However, I would like to point out that the judgment of affirmance in the instant case is not intended as an expression of approval with respect to the search of appellant's automobile. Although appellant filed a motion to suppress, the motion was later withdrawn. Thus, insofar as the search of appellant's vehicle is concerned, nothing is presented for review.