## 60229. PRICKETT v. THE STATE.

SHULMAN, Judge.

Defendant was convicted of two counts of violating the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8, Ga. L. 1974, p. 221 et seq.) and of driving under the influence. We affirm.

1. On the general grounds, defendant maintains that there was insufficient evidence to convict him of possession of marijuana, since that conviction was based solely on the marijuana being found in defendant's automobile. The marijuana was discovered during an inventory search of appellant's automobile conducted incident to his arrest for driving under the influence.

"In the absence of any circumstances to the contrary, a presumption arises from proof of ownership and control of premises, an automobile, or other property that the owner is in control and

possession of contraband found therein. [Cits.] As to automobiles, the rule does not apply where there is evidence in the case that the defendant had not been in possession of the vehicle for a period of time prior to the discovery of the contraband or that others have had access to it." *Elrod v. State,* 128 Ga. App. 250, 251 (196 SE2d 360).

In the case at bar, defendant does not assert that he was not in possession of the automobile prior to the discovery of the contraband; in fact, defendant was driving the automobile when he was stopped by the police. His argument is that his car was unlocked while he attended the party from which he was on his way home when arrested and that someone could thus have placed the marijuana inside the vehicle without his knowledge or acquiescence. However, the fact that the vehicle may have been unlocked for a short time does not, standing alone, establish the "access" contemplated by the above-stated exception to the general rule so as to preclude the application of the presumption of ownership of the contents of an automobile. Compare *Shepherd v. State,* 77 Ga. App. 857 (50 SE2d 111); *Farmer v. State,* 152 Ga. App. 792 (264 SE2d 235).

To hold otherwise would effectively negate the existence of the presumption; for in order to invoke the presumption of ownership, it would thus be necessary to show that absolutely no one, other than the owner of the automobile, could have had access to the automobile, a fact which would be nearly impossible to prove. This being so, we find the evidence sufficient to support defendant's conviction of possession of marijuana.

2. Defendant asserts error in the trial court's charge of Code Ann. § 68A-902.1(b)(3), in which charge the court stated that "if there was at the time .10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of alcohol," on the grounds that the court failed to instruct the jury that such presumption is rebuttable.

Since the charge was verbatim from the Code and states a correct principle of law, in the absence of a request for more specific instructions, we find no error in the court's charge as given. *Hunter v. State,* 143 Ga. App. 541, 544 (239 SE2d 212). At any rate, were the failure to charge to be found erroneous, we would hold the error to be harmless in light of appellant's admission in testimony that he was, at the time he was stopped, driving "far under the influence" of alcohol.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED JULY 9, 1980 — DECIDED SEPTEMBER 9, 1980.

*Lawrence L. Schneider,* for appellant.
*Randall Peek, District Attorney, Bennie Cook, Assistant*

*District Attorney,* for appellee.