## 61640. ALLEN v. THE STATE.

SHULMAN, Presiding Judge.

Defendant was convicted of possession of pethidine, possession of cocaine, and possession with intent to distribute marijuana. We affirm.

1. Defendant contends that because the contraband was found inside a house he occupied with another individual who had "equal access" to it, his conviction of the above offenses was improper. Defendant argues, citing *Blankenship v. State,* 135 Ga. App. 482 (218 SE2d 157), that, at best, the state's evidence showed that a person other than the defendant had equal opportunity to commit the offenses — that the evidence failed to connect the contraband to or establish possession in the defendant.

We agree with defendant's contention that " '[m]erely finding contraband on premises occupied by defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime.' [Cit.]" *Blankenship,* supra, p. 483. In the case at bar, however, there was additional evidence to support the jury's verdict against defendant. Thus, contrary to defendant's claim, the equal access rule does not forbid his conviction. Compare *Mitchell v. State,* 150 Ga. App. 44, 46 (256 SE2d 652).

Regarding the charge of possession of marijuana with intent to distribute, the state introduced evidence that the defendant had stated to an unnamed individual that he had $500 worth of marijuana. This testimony, coupled with the finding of the marijuana in a house occupied by the defendant, is sufficient evidence upon which to base a conviction for possession of marijuana. Had the only evidence on the issue of defendant's possession of marijuana been that marijuana was found in a bedroom of defendant's house (a bedroom that was not used by the defendant but occupied by his roommate), then the equal access rule would dictate a contrary result. As shown above, however, that is not the case.

The other contraband was found in the bedroom occupied by the defendant. The pethidine was inside the drawer of a bed table; the cocaine was found on a mirror atop defendant's dresser. Since this contraband was not in an open, notorious and equally accessible area, the equal access rule would not be applicable. See *Kenerleber v. State,* 137 Ga. App. 618 (224 SE2d 476). For the same reason, the equal access rule is not properly invoked as to the other individuals who visited the house prior to the search. Additionally, those persons "were not shown to have been on the premises either previously or frequently, so as to have had equal access with the defendant." Id., p.

619.

2. We cannot agree that there was no evidence upon which to find that defendant possessed marijuana with the intent to distribute the contraband.

The quantity of marijuana (8 pounds), along with the scales upon which the marijuana was found, gave rise to a reasonable inference that defendant had the intent to distribute the marijuana. The evidence did not, of course, demand such a finding and the jury was duly instructed as to that fact. Based upon the evidence presented with regard to defendant's intent, however, we conclude that a rational trier of fact could reasonably have found defendant guilty beyond a reasonable doubt of the offense of possession of marijuana with intent to distribute.

3. Citing *Hutcheson v. State,* 246 Ga. 13 (268 SE2d 643), defendant complains of the trial court's overruling four of defendant's challenges for cause. One of the jurors was related to a law enforcement officer; another had a business relationship with law enforcement agencies in Georgia; a third was an employee of the Department of Transportation; and a fourth was an employee of the Department of Offender Rehabilitation.

It is defendant's contention that, absent a written request to be included in the jury box, those jurors were precluded from jury service under Code Ann. § 59-112 (a) (1), which excludes "[p]olice and other law enforcement officers employed or appointed on a full-time basis . . ." Defendant argues that the four jurors, though not per se law enforcement officers, were so integrally involved with that profession that they would be subsumed under that category. We disagree. To hold otherwise would constitute an unwarranted extension of Code Ann. § 59-112 (a) (1).

Contrary to defendant's contentions, the Supreme Court, in *Hutcheson,* does not imply a contrary result. Since none of the four prospective jurors was himself or herself a police officer or law enforcement officer, and since defendant does not claim that the prospective jurors should have been excluded under any provision of Code Ann. § 59-112 (a), we find no error in the trial court's refusal to dismiss the jurors for cause.

4. Defendant enumerates error, arguing that the indictment was improper and should have been quashed because the sole witness before the Grand Jury was the assistant district attorney who prosecuted the case. This issue was not raised at the trial level and therefore presents nothing for appeal. A challenge to the indictment must be made prior to the entry of the verdict. *Scott v. State,* 147 Ga. App. 679 (1) (250 SE2d 15).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED MAY 6, 1981 —
REHEARING DENIED MAY 29, 1981

Howard C. Kaufold, Jr., for appellant.
H. Reginald Thompson, District Attorney, William S. Askew, Richard A. Malone, Assistant District Attorneys, for appellee.