## 62119. WATKINS v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was indicted, tried and convicted of the offense of burglary. His motion for new trial was denied. Defendant appeals. *Held:*

1. The trial court charged the jury fully as to the elements of the offense of burglary, the language of the charge stating that "the actual taking is not an essential element of burglary." This charge was not misleading, particularly in the context in which it was given. The trial court correctly charged as to the required intent to commit a theft.

Defendant contends that a charge should have been given instructing the jury "that they could consider the fact that nothing was taken in the burglary as it might indicate that appellant did not break into the dry cleaning establishment with the intent to steal." Such a charge would be argumentative and improper. See *Washington v. State,* 142 Ga. App. 651, 652 (3) (236 SE2d 837).

2. The trial court also charged the jury correctly on the requisite intent element of the offense of burglary. The defendant contends that the trial court should have further charged the jury that defendant's voluntary intoxication "may, when considered in light of the facts and circumstances, indicate that the defendant never formed the specific intent required for the commission of the crime of burglary." Such a charge would likewise be argumentative and

improper. *Washington v. State,* 142 Ga. App. 651, 652 (3), supra.

3. In the early morning hours a peace officer responded to a call that a burglar alarm located at a dry cleaning establishment in Griffin, Georgia, had been activated. The first officer on the scene found a window had been broken out and saw someone in the building, "looking out of the building at me." The officer called for a backup unit. When the backup unit arrived, the building was secured and the officers entered the building and found the defendant hiding under a counter. There were goods located in the building worth between $5,000 and $10,000. The owner of the premises testified that defendant was not authorized to break into the building.

After a careful review of the trial transcript and record we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of burglary. *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Jones v. State,* 154 Ga. App. 806, 807 (1) (270 SE2d 201).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JUNE 24, 1981.

*Johnny B. Mostiler,* for appellant.

*Johnnie L. Caldwell Jr., District Attorney, Paschal A. English Jr., J. David Fowler, Assistant District Attorneys,* for appellee.