## 61763. BURDETT v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of four counts of violating the Georgia Controlled Substances Act.

1. Appellant urges that it was error to fail to charge that mere presence at the scene of a crime is insufficient to establish guilt. Appellant neither requested such a charge nor objected to the failure to give it. The trial court did charge on the principles of law applicable to the crimes appellant was charged with committing and he fully instructed the jury as to the state's burden of proof in such cases. There was no error. *Darden v. State,* 171 Ga. 848, 862 (4) (157 SE 48) (1930).

2. Appellant enumerates error in the giving of the following charge: "[W]here contraband is found in someone's residence, dwelling, or house, the presumption is that such contraband was possessed by the head of the household; but this presumption may be rebutted." Appellant essentially urges that this charge is impermissibly burden-shifting within the meaning of Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979).

" 'The value of [inferences and presumptions], and their validity under the Due Process Clause, vary from case to case . . . depending on the strength of the connection between the particular basic and elemental facts involved and on the degree to which the device curtails the factfinder's freedom to assess the evidence independently.' [Cit.] . . . [T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of *every fact necessary to constitute the crime with which he is charged.'* [Cits.] Therefore, the presumption . . . might be constitutionally valid or invalid depending on the instructions given to the jurors by the court. If the presumption . . . could be interpreted by the jury under the court's instructions as a burden shifting presumption or as a conclusive presumption, either interpretation would deprive the defendant of his right to have the state prove every element of the crime with which he is charged beyond a reasonable doubt. Under those circumstances, the instructions would render the presumption unconstitutional. [Cit.] On the other hand, if the instructions made clear to the jury that the presumption . . . was permissive only, and that the duty still devolved upon the state to prove every element of the crime charged beyond a reasonable doubt, the presumption . . . would be constitutionally permissible. [Cit.]" *State of Ga. v. Hudson,* 247 Ga. 36, 38 (273 SE2d 616) (1981). Applying this standard in the instant case, the presumption in question is a "rational" one, it being more likely than not that the

head of the household possesses items found in his house. Cf. *Cleveland v. State,* 155 Ga. App. 267 (1b) (270 SE2d 687) (1980); *King v. State,* 145 Ga. App. 789 (245 SE2d 310) (1978). And, in addition, the jury in the instant case was instructed that the presumption could be rebutted. See *Skrine v. State,* 244 Ga. 520 (260 SE2d 900) (1979). Moreover, the trial court charged on the following principles: the presumption of innocence; the state's burden of proof; reasonable doubt; credibility of witnesses; circumstantial evidence; actual and constructive possession; that no conviction would be authorized if, without appellant's knowledge and consent, the contraband was placed in his home by another; that "regardless of any presumption the Court has given you in charge, the burden of proof rests upon the State to prove the guilt of the Defendant beyond a reasonable doubt and that the Defendant has no burden of proof in this case"; and that, as to each count, if there was a reasonable doubt as to guilt it was the duty of the jury to acquit. Under these circumstances there is no merit in appellant's attack upon the charge as given. See *Bridges v. State,* 246 Ga. 323, 324 (3) (271 SE2d 471) (1980); *Lackey v. State,* 246 Ga. 331, 337 (11) (271 SE2d 478) (1980). Nor do we deem valid appellant's assertion that the charge was not authorized under the evidence, there being no question that appellant and his wife resided together on the premises where the contraband was found. *McTier v. State,* 153 Ga. App. 551, 553 (3) (265 SE2d 876) (1980). Compare *Jewell v. State,* 142 Ga. App. 169 (235 SE2d 637) (1977).

3. Appellant enumerates as error the giving of the following charge: "[W]here one owns or is the lessee of the house or premises, a presumption exists that he is in possession of the entire premises and all of the property thereon or therein; however, this is a rebuttable presumption and may be overcome by proof that others had access to the premises." Insofar as the attack on this charge is predicated upon a Sandstrom burden-shifting argument, Division 2 of this opinion, supra, controls adversely to appellant's contention. Insofar as appellant's attack is based upon the assertion that the evidence did not authorize a charge on the equal access rule but demanded an acquittal under that rule of evidence, we find the argument meritless. The contraband for the most part was not found in open, notorious and equally accessible areas of the residence. See *Allen v. State,* 158 Ga. App. 691 (1981); *Walker v. State,* 140 Ga. App. 418 (231 SE2d 386) (1976); *Kenerleber v. State,* 137 Ga. App. 618 (224 SE2d 476) (1976). Whether the evidence of equal access was sufficient to rebut the presumption of possession arising from the discovery of drugs in the closet in appellant's bedroom, in his basement "office" and in his child's future nursery was a question properly left to the jury. *Moore v. State,* 155 Ga. App. 149, 150 (1) (270 SE2d 339) (1980); *Walker v.*

*State,* 140 Ga. App. 418 (1), supra. There was no error for any reason urged on appeal.

4. Appellant urges that his motion for mistrial should have been granted when, in his closing argument, the district attorney made an allegedly impermissible comment on appellant's failure to testify. We find no error. The trial court instructed the jury to disregard any comment concerning appellant's failure to testify and to draw no inference therefrom. The court further charged that the burden of proof was entirely on the state and appellant did not have to testify but could rely on his presumption of innocence. The district attorney, considering himself rebuked, apologized to the court and also asked the jury to disregard his comment. Under these circumstances any improper comment was removed from the jury's consideration. *Lingerfelt v. State,* 238 Ga. 355, 360 (5) (233 SE2d 356) (1977); *Sweatt v. State,* 149 Ga. App. 717, 718 (1) (256 SE2d 28) (1979).

5. The evidence supports the verdict. *Moore v. State,* 155 Ga. App. 149, 150 (1), supra; *Walker v. State,* 140 Ga. App. 418, supra. After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JULY 9, 1981 —
REHEARING DENIED JULY 23, 1981 

*Paul S. Weiner,* for appellant.

*Robert E. Keller, District Attorney, Michael Anderson, Assistant District Attorney,* for appellee.