## 64608. HILL v. THE STATE.

POPE, Judge.

On December 8, 1980 members of the Thomas County Drug Squad executed a search warrant for the premises known as "Snooky's Pool Hall," defendant's place of business. Items seized included a box containing nine envelopes of marijuana known as "nickel ($5.00) bags," and a bag containing one-quarter pound of marijuana found in a closed twenty-gallon trash container. The pool hall was arranged so that two opposing walls were lined with pool tables, leaving an aisle down the middle. When the members of the Drug Squad entered, defendant and three others were seated around a table at the rear of the pool hall. The green box containing the envelopes of marijuana was located atop the table, an arm's reach from appellant and equidistant between appellant and one Arthur Curtis. The trash can was found in the rear of the aisle near defendant's table and equal in distance between defendant and one Michael Williams. The bag of marijuana was located near the top of the trash covered with some papers, one of which was an envelope addressed to defendant at his place of business and postmarked on August 8, 1980.

In the process of the search, the officers found $967.00 in cash in a vending machine, admittedly secreted there by defendant to avoid its confiscation as a result of the search. Additionally, a number of soiled, empty envelopes like the "nickel bags" of marijuana were recovered from the floor at the rear of the building. A witness testified at trial that she had seen a quarter pound of marijuana in the pool hall in December, 1980 prior to the search, but that she did not know whether defendant had had it.

Defendant was indicted and tried for violation of the Georgia Controlled Substances Act, felony possession of marijuana. The jury returned a verdict of guilty.

Defendant enumerates as error the trial court's denial of his motion for a directed verdict of acquittal based upon the "equal access" rule. Defendant contends that other individuals, those seated with defendant and four to eight additional persons present at the time of the search, had equal access to the area and the containers in which the marijuana was found. We agree that "[m]erely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." *Gee v. State,* 121 Ga. App. 41, 42 (172 SE2d 480) (1970). However, in the case sub judice there was additional evidence to support the jury's verdict against defendant and the "equal access" rule does not forbid his conviction. See *Allen v. State,* 158 Ga.

App. 691 (282 SE2d 126) (1981).

We note that the jury was correctly charged with the law concerning the principle of "equal access," in addition to the law of circumstantial evidence. Although defendant denied that the marijuana belonged to him and named Curtis as the owner of the nine "nickel bags," the jury apparently chose not to believe him. "Based upon the circumstantial evidence, the jury was authorized to find that the defendant possessed this contraband." *Jordan v. State,* 161 Ga. App. 613, 614 (288 SE2d 792) (1982).

Under Code Ann. § 27-1802 (a) (now OCGA § 17-9-1 (a)) the trial judge is under a duty to grant a motion for a directed verdict of acquittal in a criminal case "[w]here there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, shall demand a verdict of acquittal. . . ." See *Merino v. State,* 230 Ga. 604, 605 (198 SE2d 311) (1973). The evidence in this case did not demand such acquittal and the motion was properly denied. *Tuggle v. State,* 149 Ga. App. 634 (7) (255 SE2d 104) (1979).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 30, 1982.

*Walter Van Heinigen,* for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.