## 66559. FEARS v. THE STATE.

QUILLIAN, Presiding Judge.

The appellant was charged with the possession of cocaine and heroin. He was convicted of possession of cocaine and acquitted of the count alleging possession of heroin. On appeal he contends the trial court erred by denying his motion for a directed verdict of acquittal and his motion for a mistrial.

Appellant, a taxicab driver, had erroneously entered the driveway of a house. While backing out of the driveway he collided with another automobile. The police officer investigating the incident entered Fears' cab to record the odometer reading on the accident report. While in the cab he saw a spoon, with a white powdery substance on it, protruding from under the driver's seat. The officer looked under the seat and found a plastic sack containing a hypodermic needle, a bottle cap covered with tinfoil, and a shoestring. The officer also found an envelope on the front seat with Fears' name on it, and a hypodermic needle inside. The crime lab found a trace of cocaine in the spoon, and a trace of heroin in the bottle cap. Loretta Cody, a state's witness, testified that she was a frequent rider in Fears' cab and that the two of them had "shot up" cocaine and heroine "three or four" times in a house where they went to purchase the drugs. Fears denied that he and Cody had used heroin or cocaine together, and testified that the drug paraphernalia found in the sack in his cab had been left there by Cody. Appellant brings this appeal from his conviction. *Held:*

1. The evidence in the instant case shows that the defendant had been in possession of the cab he was driving for approximately

four hours. From this evidence it is inferable that the prior drivers and his passengers had access to the interior of the vehicle. However, we should note that the defendant and Cody both stated that Cody had not been in Fears' cab since the preceding day. Thus, Cody had not been in Fears' cab since he picked it up on that day and Fears also testified that he did not get the same cab every day.

" 'In the absence of any circumstances to the contrary, a presumption arises from proof of ownership and control of premises, an automobile, or other property that the owner is in control and possession of contraband found therein.' *Elrod v. State,* 128 Ga. App. 250, 251 (1) (196 SE2d 360)." (Emphasis supplied.) *Hawkins v. State,* 141 Ga. App. 31 (1) (232 SE2d 377); accord: *Walker v. State,* 140 Ga. App. 418, 419 (231 SE2d 386); *Moore v. State,* 155 Ga. App. 149, 150 (270 SE2d 339); *Prickett v. State,* 155 Ga. App. 668 (1) (272 SE2d 534). This rule is equally applicable to an automobile in which the accused is only the driver or in possession of the vehicle. *Davis v. State,* 146 Ga. App. 629 (1) (247 SE2d 210); *Autry v. State,* 150 Ga. App. 584, 586 (258 SE2d 268). "As to automobiles, the rule does not apply where there is evidence in the case that the defendant has not been in possession of the vehicle for a period of time prior to the discovery of the contraband or that others have had access to it." *Elrod v. State,* 128 Ga. App. 250, 251, supra; accord: *Davis v. State,* 146 Ga. App. 629 (2), supra. This latter rule is merely a restatement of the "equal access" doctrine which is usually stated as " '[m]erely finding contraband [in a car] occupied by defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime.' " *Ivey v. State,* 226 Ga. 821 (3) (177 SE2d 702); accord: *Person v. State,* 155 Ga. App. 106, 107 (270 SE2d 319); *Allen v. State,* 158 Ga. App. 691 (1) (282 SE2d 126).

*Elrod,* supra, holds that "*[i]n the absence of any circumstances to the contrary,* a presumption arises from proof of ownership and control of premises, [or] an automobile" that the driver "is in control ... of contraband found therein" but that this rule would not apply to automobiles which had been in the prior possession of other persons or that others had equal access to the vehicle. (Emphasis supplied.) 128 Ga. App. at 251.

Accordingly, the factual predicate of any particular case controls the result we reach. *If the only evidence of possession* of contraband found in an automobile *is that the defendant is the owner, the driver, or is in possession* of the vehicle, *and there is evidence of prior use* of the vehicle by other parties in the recent past, *or equal access* to the accessible portions of the vehicle by other parties, then *Elrod's prior possession or equal access rule would*

*demand an acquittal.* However, if there is additional evidence of possession of contraband by the accused — either circumstantial or direct, other than mere ownership, use or possession of the vehicle, then an issue is made for the jury, for this Court has consistently held that " '[m]erely finding contraband on premises occupied by defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime.' [Cit.] *Blankenship [v. State,* 135 Ga. App. 482 (218 SE2d 157)], supra, p. 483. In the case at bar, however, there was additional evidence to support the jury's verdict against defendant. Thus, contrary to defendant's claim the equal access rule does not forbid his conviction." *Allen v. State,* 158 Ga. App. 691 (1), supra, cert. den.; accord: *Hill v. State,* 164 Ga. App. 564 (298 SE2d 286). Where there is evidence other than "equal access" connecting an accused to contraband, it is for the jury to determine guilt or innocence. See *Kent v. State,* 105 Ga. App. 312, 314 (1) (124 SE2d 296); *Brown v. State,* 130 Ga. App. 11, 13 (202 SE2d 268); *Walker v. State,* 140 Ga. App. 418, 419, supra; *Moore v. State,* 155 Ga. App. 149, 150-151, supra; *Burdett v. State,* 159 Ga. App. 394, 395 (3) (283 SE2d 622). Because there was evidence other than possession of the automobile, this made an issue for the jury and it was not error for the court to deny the motion for a directed verdict of acquittal.

2. Defendant made a motion for a mistrial based on the state's evidence that Fears had used or possessed heroin on prior occasions to the incident in which he was charged. We have found no error. In *State v. Johnson,* 246 Ga. 654 (272 SE2d 321), the Supreme Court discussed the admissibility of two independent drug sales other than the incident charged — sale of marijuana. The court found this to be the "typical swearing match" of a state's witness against the defendant described in *Hart v. State,* 149 Ga. App. 785 (256 SE2d 127). The witness says the defendant committed the offense and the defendant testifies "it wasn't me." 246 Ga. at 655. There was no error in "testimony concerning the independent crime . . . admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct." Id. There was sufficient similarity between the other offenses and the offense charged to render them admissible. *Clemson v. State,* 239 Ga. 357, 361 (236 SE2d 663).

*Judgment affirmed. Shulman, C. J., Deen, P. J., McMurray, P. J., Banke, Birdsong, Carley and Pope, JJ., concur. Sognier, J., dissents.*

DECIDED DECEMBER 1, 1983.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, John M. Turner, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.

SOGNIER, Judge, dissenting.

I respectfully dissent. I agree with the majority opinion's statement of the equal access rule as to possession of contraband found in an automobile. *Elrod v. State,* 128 Ga. App. 250, 251 (1) (196 SE2d 360) (1973). Appellant was charged with possession of cocaine in the taxicab and Loretta Cody, a state witness, testified that at some unknown time in the past she and appellant went to a house where they purchased and *used* cocaine and heroin. However, she and appellant had never used cocaine or heroin in the taxicab appellant drove, and Cody had never seen appellant in *possession* of cocaine except on the occasions they had used it together. In *Burns v. State,* 127 Ga. App. 828, 829 (195 SE2d 189) (1973), we held that the offenses of sale of marijuana and heroin necessarily included possession of marijuana and heroin, but unless such offenses occurred on different occasions the possession offenses merged with the sales, and a defendant cannot be convicted of *possession* of such substances. Our Supreme Court has also held that the offenses merge under such circumstances. *State v. Estevez,* 232 Ga. 316, 320 (1) (206 SE2d 475) (1974). In *Burns,* supra, we stated specifically that under the Criminal Code the doctrine of merger is still the law in this state, and in my opinion, the doctrine would be equally applicable to possession and *use* of cocaine.

Applying the merger rule to the facts of the instant case, Cody's testimony that she and appellant used cocaine at some unknown time in the past is not "additional evidence" that appellant possessed cocaine in the taxicab, at the time of this alleged occurrence. This view is supported by Cody's testimony that she had never seen appellant in possession of cocaine. Since I find no additional evidence to render the equal access rule inoperable under the facts of this case, I would reverse.