## 77345. DOE v. THE STATE.
(377 SE2d 546)

SOGNIER, Judge.

Harvey Doe was convicted on all counts of a six-count indictment, and he appeals the convictions for possession of cocaine with intent to distribute and possession of marijuana.

Appellant's sole enumeration of error is on the general grounds. Specifically, he contends that the State presented only circumstantial evidence against him which he sufficiently rebutted, and that evidence of equal access to the contraband by others overcame the presumption that he was in possession of the drugs.

The record reveals that on the night of August 27, 1987, Officer Freddie Stewart of the Glennville Police Department saw appellant, who was driving a pickup truck with a Florida tag, cross the centerline several times. Officer Stewart stopped appellant, and upon observing that appellant was unsteady on his feet and smelled of alcohol, arrested him for driving under the influence. The officer testified he then looked through the truck window and saw in plain view a package of rolling papers, a partially smoked marijuana cigarette, and a manila envelope stamped with the words "Real Deal." A subsequent search of the truck yielded a plastic bag containing cocaine, another plastic bag filled with eighteen chunks of rock cocaine, and several other manila envelopes also marked "Real Deal" containing marijuana. Officer Stewart testified that upon searching appellant, he found $1,565.14 in cash, mostly in twenty dollar bills. Patrick Long, the senior forensic chemist from the state crime lab, testified that he tested the evidence obtained in the search and found that it consisted of 2.8 grams of marijuana, 11 grams of powdered cocaine, and 9 grams of rock cocaine, which he estimated carried a total street value of between $2,030 and $2,930. Appellant testified that he had borrowed the truck from his estranged wife earlier in the day to drive from Fort Lauderdale to attend a family reunion in Georgia, and that he was carrying a large amount of cash in anticipation of a two-week visit. Appellant also testified that his cousin and the cousin's son rode with him during most of the trip.

While a finding of constructive possession of drugs "must be based upon some connection between the defendant and the contraband other than spatial proximity [cit.]," *Mitchell v. State*, 150 Ga. App. 44, 46 (2) (256 SE2d 652) (1979), this connection may be established by proof of occupancy and control of the premises or vehicle by the defendant with no equal access by others. Id. at 46-47 (2). Under such circumstances, in the absence of contrary evidence a presumption arises that the driver is in control and possession of the contraband. *Fears v. State*, 169 Ga. App. 172, 173 (312 SE2d 174) (1983).

In the case at bar, although appellant testified he was not the owner of the truck, the evidence showed that he had been the sole driver for at least twelve consecutive hours, and the contraband was found in the open ashtray, on the seat, and under the seat within reach of the driver, and thus appellant was presumed to be in possession of the drugs. See *Walker v. State*, 140 Ga. App. 418, 419 (1) (231 SE2d 386) (1976). Although proof of equal access to the drugs by per-

sons other than appellant may be sufficient to overcome this presumption, *Castillo v. State*, 166 Ga. App. 817, 821-822 (2) (305 SE2d 629) (1983), whether or not the evidence regarding the presence of passengers and ownership of the truck by appellant's wife was sufficient to overcome the presumption arising from the discovery of the drugs in the truck was a question for the jurors, and they decided it adversely to appellant. See *Moore v. State*, 155 Ga. App. 149, 150-151 (1) (270 SE2d 339) (1980). We find the totality of the evidence was sufficient to connect appellant to the possession of the drugs. See *Lane v. State*, 177 Ga. App. 553, 554 (1) (340 SE2d 228) (1986).

Similarly, although "mere possession of contraband without more will not serve as the basis for a conviction for possessing contraband for purposes of sale, [cit.]," *Wright v. State*, 154 Ga. App. 400, 401-402 (1) (268 SE2d 378) (1980), the quantity of cocaine found, as well as the presence of other drug paraphernalia, marked envelopes, and a large sum of cash, give rise to a reasonable inference that appellant possessed the cocaine with the intention of distributing it. *Holbrook v. State*, 177 Ga. App. 318, 321 (339 SE2d 346) (1985). "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. Whether this burden has been met is a question for the jury, and its determination will not be disturbed unless the verdict is unsupportable as a matter of law. *Lewis v. State*, 186 Ga. App. 349, 350 (1) (a) (367 SE2d 123) (1988).

We find the evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged violations of OCGA § 16-13-30. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Reed v. State*, 186 Ga. App. 539, 540 (367 SE2d 809) (1988).

*Judgment affirmed. Carley, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 5, 1989.

*Joel E. Williams, Jr.*, for appellant.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, David C. Walker, Assistant District Attorneys*, for appellee.