## A90A1047. WALDEN v. THE STATE.
(397 SE2d 182)

SOGNIER, Judge.

Johnny Levon Walden was tried with two co-defendants and convicted of trafficking in cocaine. He appeals from the denial of his motion for new trial.

1. Appellant contends the trial court erred by failing to give his requested charge on the rebuttable presumption that contraband found in a vehicle belongs to the owner and driver, which embodied his sole defense. We agree and reverse.

The evidence established that on June 12, 1988, appellant rode from Florida to Georgia with co-defendants Carl Trimble and Vincent White, the latter of whom is appellant's nephew, in White's car. White drove part of the way and then allowed Trimble to drive. Appellant sat in the back seat during the entire trip and was asleep when the travellers were stopped by former Glennville Police Sergeant Freddie Stewart. All three were charged with cocaine trafficking. At trial Stewart testified that he observed White asleep in the front passenger seat with a clear package containing what proved to be cocaine resting on his chest. Additional cocaine was found in an overnight bag belonging to White that was on the rear floorboard between appellant and White. Appellant stated at trial and in a statement he gave police shortly after his arrest that the cocaine did not belong to him and he had not been aware it was in the car.

"It is the law of this state that where there is only one defense on which a party relies, failure to instruct the jury as to the evidence supporting this defense with sufficient clarity and specificity that the jury will not only be required to pass upon it, but do so intelligently, in practicality directs a verdict against the defendant, in that the ef-

fect of the failure to charge is to withdraw and deny the defense and to that extent prejudices a defendant's right to a fair and impartial trial. [Cits.]" *Dinnan v. State*, 173 Ga. App. 191, 195 (325 SE2d 851) (1984). Here, appellant's sole defense was that he was a mere passenger in the car, see *Cochran v. State*, 190 Ga. App. 884, 885 (380 SE2d 319) (1989), and was in neither actual nor constructive possession of the cocaine. Consequently, a full and complete charge on the law concerning possession was necessary, which required, at a minimum, that the jury be informed of the elements of actual and constructive possession and the rebuttable presumption that all items found inside a vehicle belong to the owner and/or driver. See *Payne v. State*, 162 Ga. App. 739, 740 (2) (293 SE2d 29) (1982). Although the trial court gave an adequate instruction as to actual and constructive possession, appellant's requested charge on the rebuttable presumption was not given. We hold that this failure to charge appellant's sole defense was harmful error and requires reversal of his conviction. *Dinnan*, supra at 196 (1); *Bryan v. State*, 157 Ga. App. 635, 636 (3) (278 SE2d 177) (1981).

We note that appellant's charge request was not a complete statement of the law because it did not include the caveat that the presumption of ownership may be rebutted by evidence either that the owner and driver was not in possession of the car for a period of time prior to discovery of the contraband or that others had access to the vehicle. See *Prickett v. State*, 155 Ga. App. 668, 669 (1) (272 SE2d 534) (1980). While that incompleteness does not change our conclusion that the jury should have been instructed on this issue, as the charge on appellant's sole defense was required even absent any request from appellant, *Harris v. State*, 145 Ga. App. 675 (244 SE2d 620) (1978), on retrial the lower court should give a complete statement of this principle.

2. As a result of our decision in Division 1, we need not address appellant's enumeration concerning the denial of his motion to sever because that ruling will not recur on retrial.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 11, 1990.

*Dubberly & McGovern, B. Daniel Dubberly III,* for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney,* for appellee.