## A93A1129. WILLIAMS v. THE STATE.
(436 SE2d 550)

SMITH, Judge.

Sean Williams was convicted of possession of cocaine with intent to distribute. OCGA § 16-13-30 (b). His motion for leave to file this out-of-time appeal was granted.

At trial, Williams testified that he was walking to his girl friend's house at about 9:30 p.m. when he saw Torrence Stewart drive by, and asked him for a ride. Stewart agreed, but told him he had to make a stop on the way. Stewart drove to a local motel and went inside, leaving Williams in his car in the parking lot. Just as Stewart was returning, DeKalb County police arrived at the parking lot, having received information regarding drug activity at the motel. Stewart entered his car, backed up at high speed, narrowly missing two police officers trying to stop him, jumped a curb, and drove onto Interstate 285. The police followed. A high speed chase ensued which ended only when Stewart lost control of the car in Hapeville and crashed. The police took Stewart and Williams into custody.

Detective Steve Turek, who testified that he was behind Stewart's car while it was backing up, and Detective Fred Becker, who was in front of Stewart's car illuminating it with his own car's high beam headlights, both testified that as Stewart's car was backing up, they saw the passenger extend his arm out the passenger side window and

toss an object out of the car. Turek testified that he recovered the object, a vial containing small ziplock bags containing off-white chunky material, and at the end of the pursuit, turned it over to Becker.

An inventory search of the car at the time of the arrests revealed 14 additional ziplock bags containing off-white chunks on the right front floorboard. The chunks field-tested positive for cocaine. A check of the car's vehicle identification and tag numbers showed that it had been stolen. Becker testified he placed the vial he received from Turek in an evidence locker at the DeKalb police station, and the police property custodian testified he turned it over to the GBI crime laboratory. A GBI forensic chemist testified that the vial contained 48 individual packets with a gross weight of 6.1 grams, their contents testing positive for cocaine. Williams testified that he had no knowledge of the cocaine in Stewart's car; that he did not know Stewart very well; and that he had asked Stewart to let him out of the car, but Stewart refused.

1. Contrary to Williams' contention, the evidence was sufficient to support his conviction. The jury was authorized to believe the two officers who testified they saw Williams throw the vial, later shown to have contained cocaine, out the window of the car. This evidence was sufficient to authorize the jury to convict him of possession of cocaine with intent to distribute under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Williams contends the trial court erred in failing to give his requested charge on the rebuttable presumption that all items found in an automobile belong to the owner and/or driver. Relying on *Walden v. State*, 196 Ga. App. 844, 845 (1) (397 SE2d 182) (1990), he argues that his requested charge was required because his sole defense was that he was a mere passenger who had entered the car very shortly before the incident, and was in neither actual nor constructive possession of the contraband. We disagree.

First, *Walden* is distinguishable on its facts. Walden was asleep in the back seat of a car when the car was stopped by police. Cocaine was found on the person and in the luggage of another passenger, and no evidence rebutted Walden's testimony that he did not know about the cocaine. In this case, Williams' testimony denying knowledge of the cocaine was rebutted by two witnesses, who testified that they saw Williams throw a vial containing 48 pieces of rock cocaine from the car. This testimony showed actual possession of the contraband.

Second, the general rule that control of an automobile gives rise to a presumption that the driver is in possession of contraband found therein does not apply when there is evidence that others had equal access to the vehicle, and no reverse presumption arises with regard to a passenger's presence in an automobile in which contraband is

found. *Bell v. State*, 198 Ga. App. 874, 875 (1) (403 SE2d 864) (1991). The trial court instructed the jury on mere presence and equal access, fairly instructing the jury regarding Williams' sole defense. We find no error.

3. After a defense witness testified that she had interviewed Detective Becker prior to trial and that he had indicated to her that he had not actually seen the car's passenger throw the vial out the window, the State recalled Becker. Over objection, he was allowed to testify that he had testified before the grand jury to seeing the passenger throw the vial.

Williams contends it was error to permit Becker to bolster his own credibility by testifying to his prior consistent statement made to the grand jury. He supports his contention with citations to a number of cases decided prior to 1982. In 1982, the Supreme Court decided, in *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982), that prior inconsistent statements may be used as substantive evidence as well as for impeachment. In *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985), the Supreme Court extended the *Gibbons* rule, holding that if the concerns of the rule against hearsay are satisfied, prior *consistent* out-of-court statements are admissible as well, when the veracity of the witness's in-court testimony is placed in issue. See also *Edwards v. State*, 255 Ga. 149, 150-151 (2) (335 SE2d 869) (1985); *Gregg v. State*, 201 Ga. App. 238, 239 (1) (411 SE2d 65) (1991). Contrary to Williams' argument, we find no significance in the fact that in this case, testimony regarding the prior consistent statement was given by the witness himself. The statement was admissible.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 5, 1993.

*Antje R. Kingma*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Gregory A. Adams, Robert M. Coker, Assistant District Attorneys*, for appellee.