## A94A0843. JOHNSON v. THE STATE.

(447 SE2d 663)

Pope, Chief Judge.

Defendant appeals from his conviction of six counts of child molestation and four counts of aggravated child molestation.

Three young girls told their older sister and mother that defendant had fondled and licked their vaginal areas. J. G., the oldest of the three, said that this had occurred on numerous occasions, beginning at the end of her first grade year and continuing through at least Thanksgiving of her second grade year. E. G., the middle child, said it happened when she was five years old. N. G., the youngest, could not remember when it happened, but E. G. said defendant did these things to E. G. and N. G. at the same times. J. G. started second grade in late August 1990, and E. G. turned five in September 1990.

In his testimony, defendant admitted committing all the alleged acts, but stated that they occurred in the summer of 1989, before he was 17 years old. (Defendant was born August 8, 1973, and thus turned 17 on August 8, 1990.)

1. Defendant argues that the trial court erroneously charged the jury that it could find defendant guilty if it found he committed the alleged offenses "on or about the dates alleged in the indictment *or* after the seventeenth birthday of the defendant." The underlined "or" should have been "and," since the juvenile court would have exclusive jurisdiction over these offenses if they were committed by defendant before he was 17. See OCGA § 15-11-5.[1] However, immediately before this problematic instruction, the trial court instructed the jury that the State had to prove defendant was at least 17 years of age at the time of the events alleged in each particular count, and that if the State failed to prove defendant was 17, it would be the jury's duty to find defendant not guilty on that particular count. Moreover, immediately after the faulty instruction, the trial court instructed the jury that if it found defendant did not commit the act alleged in a particular count or did not commit it after his seventeenth birthday, it should find defendant not guilty as to that particular count. Thus, considering the jury charge as a whole, we conclude the trial court's slip of the tongue could not have misled or confused the jury and is not reversible error. See *Wade v. State*, 197 Ga. App. 464 (1) (398 SE2d 728) (1990).

2. Defendant challenges the sufficiency of the evidence. As he admitted committing the alleged acts, the sole issue for determination

---

[1] Contrary to the dissent's assertion, this was the only error in the charge at issue. On the other hand, the correct instruction — that the jury had to find the offenses were committed after defendant's seventeenth birthday in order to find defendant guilty — was given multiple times.

by the jury was whether those acts occurred after defendant's seventeenth birthday, August 8, 1990. J. G.'s statement indicates that defendant's illegal course of conduct continued at least until Thanksgiving 1990, her second grade year, and E. G. states that the alleged acts occurred after her fifth birthday in September 1990. Viewing this evidence in a light to support the verdict, rational jurors certainly could have concluded that the acts occurred after August 8, 1990, and thus that defendant was guilty of the charged offenses beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Citing OCGA § 15-11-5, defendant further contends that the superior court was without authority to try him because he was under 17 at the time the offenses were committed. As noted above, however, the jury in this case was instructed that defendant should only be found guilty if he committed the alleged acts after he turned 17. They found him guilty, and there was evidence to support this finding. Accordingly, defendant's jurisdictional argument is also without merit.

4. In three enumerations of error, defendant argues that his custodial statement should not have been admitted into evidence.

(a) Defendant first suggests his statement was inadmissible because it was given in hope of a benefit offered by his interrogator. We disagree. Evidence at the *Jackson-Denno* hearing shows that defendant gave a statement to Special Agent Susan Kelly. Prior to that interview, defendant had given another statement to another officer who, under the mistaken impression that no charges were to be filed, told defendant that if he confessed, he would not have to go to jail but would just have to go to counseling. When defendant arrived at Kelly's office for the interview, Kelly read him his *Miranda* rights. In addition to the standard rights, she also informed him that the statement he had previously given could *not* be used against him, but that anything he told her that day would be used against him. Contrary to defendant's suggestion, this warning was not the offer of a quid pro quo; Agent Kelly was not proposing that the State would disregard the earlier statement if he gave another, but was simply letting defendant know, before he made a statement to her, that the previous statement was tainted and could not be used.

(b) Defendant further contends the statement was inadmissible because it talked about offenses committed by him when he was under 17 years of age. For the reasons discussed in Divisions 1, 2 and 3, this contention is without merit.

(c) However, defendant correctly points out that the trial court admitted the statement without making, with " 'unmistakable clarity,' " the necessary ruling that the statement was voluntary. See *Walraven v. State*, 250 Ga. 401, 407 (4a) (297 SE2d 278) (1982). Although a *Jackson-Denno* hearing was held and the State presented

ample evidence of voluntariness, the parties then went on to discuss other issues without eliciting a determination of voluntariness from the court. It is therefore necessary to remand this case to allow the trial court to determine with unmistakable clarity whether defendant's statement was voluntarily given. See *Hicks v. State*, 255 Ga. 503, 504 (1) (340 SE2d 604) (1986).

5. Lastly, defendant argues that the trial court erred in admitting pictures which he says represent unindicted offenses. The pictures in question were drawn by the two younger girls and reflect their sexual interaction with defendant. To the extent the pictures show unindicted offenses (defendant asserts they show actual intercourse, which was not charged), they were nonetheless admissible as part of the res gestae of the charged offenses. See *Miller v. State*, 197 Ga. App. 691 (2) (399 SE2d 281) (1990); *Garrett v. State*, 188 Ga. App. 176 (1) (372 SE2d 506) (1988); see also Uniform Superior Court Rule 31.3 (E). Furthermore, we note that admission of the pictures could not have been harmful because they had no bearing on the issue of the timing of the acts, which was the only question for the jury in the case.

This case is remanded for the reason stated in Division 4(c) but the judgment is otherwise affirmed.

*Judgment affirmed and case remanded for further proceedings. McMurray, P. J., Birdsong, P. J., Beasley, P. J., Andrews, J., and Senior Appellate Judge Harold R. Banke concur. Johnson, J., concurs in judgment only. Blackburn and Smith, JJ., concur in part and dissent in part.*

SMITH, Judge, concurring in part and dissenting in part.

I respectfully dissent from Divisions 1 and 3 of the majority opinion. Even if we were to agree that the trial court's slip of the tongue in substituting "or" for "and," standing alone, would not constitute reversible error, under the circumstances here multiple errors in the charge bore on Johnson's sole defense, and call for a reversal.

Where a defendant relies upon only one defense, failure to instruct the jury as to the evidence supporting this defense with sufficient clarity and specificity for the jury to intelligently pass upon it constitutes reversible error. *Walden v. State*, 196 Ga. App. 844, 845 (1) (397 SE2d 182) (1990). Johnson's minority at the time of commission of the offenses alleged was his sole defense, and he was entitled to a full, complete and accurate charge in that regard. Id.

The indictment alleged that the offenses were committed during a time period beginning the day after Johnson's seventeenth birthday, and the trial court charged that the jury should find beyond a reasonable doubt that the defendant committed the acts alleged *"on or about* the dates alleged in the indictment *or* after the 17th birthday

of the defendant and prior to this indictment." "On or about" means, inter alia, "approximately; about; without substantial variance from; near . . . generally in time around date specified." Black's Law Dictionary 1089 (6th ed. 1990). The jury could have erroneously concluded from this instruction that it was permissible to find Johnson guilty with respect to acts committed on some indefinite date "on or about" but preceding the dates of the indictment, and before Johnson's seventeenth birthday. Specificity of proof as to the date of the offense is ordinarily not required, so long as it falls within the statute of limitation. *Moore v. State*, 207 Ga. App. 892, 894 (1) (429 SE2d 335) (1993). However, in this case the date alleged so closely coincided with Johnson's seventeenth birthday that specificity was required in order to negate the exclusive jurisdiction of the juvenile court under OCGA § 15-11-5, Johnson's sole defense. The errors in the charge therefore could have misled the jury as to this crucial issue.

Where an erroneous instruction is likely to mislead the jury on a material issue, the error cannot be cured by merely afterwards giving a correct instruction, leaving the jury to select one part of the charge in preference to another. The trial court should call the jury's attention to the error before giving the correction. *Bryant v. State*, 191 Ga. 686, 719-720 (13) (13 SE2d 820) (1941); see also *Boggus v. State*, 136 Ga. App. 917, 920 (6) (222 SE2d 686) (1975).

Under these circumstances, the jury could have been misled by the errors in the charge, which were not corrected and which pertained directly to Johnson's sole defense. I cannot find under the "highly probable" test of *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976), that the error in the charge did not contribute to the verdict. *Booth v. State*, 186 Ga. App. 342, 344 (2) (367 SE2d 77) (1988). Therefore, I would reverse with respect to Division 1.

I am authorized to state that Judge Blackburn joins in this opinion.

DECIDED JULY 15, 1994 —
RECONSIDERATION DENIED JULY 29, 1994 —

*L. Clark Landrum*, for appellant.
*C. Paul Bowden*, District Attorney, *Gary C. McCorvey*, Assistant District Attorney, for appellee.