A06A0362. McGRUDER v. THE STATE.
(632 SE2d 730)

BERNES, Judge.

Corey McGruder appeals his convictions for two counts of child molestation. McGruder contends he was wrongfully tried in the superior court on charges that were within the juvenile court's exclusive jurisdiction and also argues that he was denied effective assistance of counsel.[1] For the reasons that follow, we affirm his convictions.

---

[1] McGruder's first two allegations of error relate to the trial court's probation revocation. By order of November 18, 2005, this Court dismissed McGruder's direct appeal of the trial court's revocation order because he failed to follow the procedures set forth in OCGA § 5-6-35 governing discretionary appeals. The instant action is likewise not the proper vehicle for appealing that order, which is not presently before this Court and thus will not be considered. OCGA § 5-6-35 (a) (5).

Viewed in the light most favorable to the verdict, the facts at trial showed that McGruder began sexually molesting his cousin[2] when she was approximately eight or nine years old. McGruder was good friends with the victim's older sister and frequently spent the night at the victim's home, where she lived with her mother and seven of her ten siblings. "Whenever McGruder spent the night," he would awaken the victim by placing his hands underneath her clothes and touching her legs, breasts, and vagina. On a few occasions, the molestation escalated to vaginal sex, although there was never full penetration. McGruder told the victim that she would get in trouble if she told anyone about the abuse. The molestation continued until January or February 2004, when the victim disclosed the abuse to her sixth-grade teacher in an "anonymous" note. By this time, the victim was 12 years old.

During the course of the subsequent investigation, the victim was unable to definitively state how many times she had been molested or identify with particularity the dates of the transgressions. Consequently, McGruder was indicted on one count of statutory rape and two counts of child molestation, alleged to have occurred between the dates of January 1, 2001 and January 31, 2004. He was acquitted of the statutory rape.

1. McGruder contends his convictions were nullities and violated due process because he was tried and convicted of charges over which the juvenile court had exclusive jurisdiction. McGruder was indicted for conduct alleged to have occurred between January 1, 2001 and January 31, 2004. McGruder did not attain the age of 17 until July 24, 2001. Thus, McGruder was a juvenile for approximately six months of the almost three-year period alleged in the indictment. See OCGA § 15-11-2 (2) (A) (defining a child as any person under 17 years old).

It is true that statutory rape and child molestation are crimes over which the juvenile court has exclusive original jurisdiction when committed by a minor. See OCGA § 15-11-28 (b) (enumerating the crimes over which the superior court has either exclusive or concurrent jurisdiction). However, because there was evidence at trial that McGruder molested the victim after turning 17, the superior court was not divested of jurisdiction. Cf. *Seabolt v. State*, 279 Ga. 518, 519 (1) (616 SE2d 448) (2005) (noting that the superior court has jurisdiction over lesser crimes committed during a crime that otherwise falls under OCGA § 15-11-28 (b) because "[t]he superior court is not divested of jurisdiction merely because some, but not all, evidence of

---

[2] It is apparently unknown whether McGruder is actually related to the victim by blood, although the family has always treated McGruder as though he were the son of the victim's uncle on the maternal side.

criminal acts is beyond the scope of the superior court's jurisdiction, so long as that evidence stems from the same criminal transaction which vests the superior court with jurisdiction") (citation and punctuation omitted); *Mobley v. State*, 219 Ga. App. 789, 789-790 (2) (466 SE2d 669) (1996) (holding that an indictment for a crime of child molestation that alleges conduct falling outside of the statute of limitation is not fatal so long as the evidence supports a finding that the crime had been committed within the relevant time frame); *Ingram v. State*, 211 Ga. App. 252, 252-253 (1) (438 SE2d 708) (1993) ("One or more acts of [child molestation] being proven to the jury beyond a reasonable doubt satisfies the state's burden, and additional acts suggested in the indictment could be considered mere surplusage.") (citation and punctuation omitted). See also *Johnson v. State*, 214 Ga. App. 319, 319-320 (2) (447 SE2d 663) (1994).

The evidence at trial showed that McGruder began molesting the victim when she was eight or nine years old and in the third grade. She testified that the inappropriate touching occurred "a lot" and happened "every time" that McGruder spent the night. The victim's mother testified that during the relevant time period, McGruder had generally visited their home a couple of days per week and on most weekends, and spent the night "some of the times." She also acknowledged that on at least one occasion, she found him asleep in the victim's room in the middle of the night. The victim testified that McGruder visited their home three to four days per week, and spent the night "most of the time." The abuse continued consistently until January or February 2004, when the victim was 12 years old.

We agree with the trial court that this evidence was sufficient to conclude that McGruder, as an adult, molested the victim after his 17th birthday on July 24, 2001. The two counts of child molestation for which McGruder was convicted were part of an ongoing course of conduct, alleged to have occurred over a span of almost three years. McGruder was an adult for nearly two and one half of those years.

McGruder argues that had the indictment been confined to conduct that occurred between July 24, 2001 and January 31, 2004, the state would have been limited to alleging acts of statutory rape, for which he was acquitted. We disagree. While the victim did state that at some point the inappropriate touching became vaginal sex, she stated that McGruder had sexual intercourse with her only "a few" times. By contrast, she indicated that there were frequent acts of abuse which by necessary implication referred to repeated incidents of inappropriate touching. Based on the evidence at trial, the jury was authorized to conclude that inappropriate touching occurred between July 24, 2001 and January 31, 2004. Accordingly, the trial court had jurisdiction to convict McGruder of the two counts of child

molestation. See *Johnson*, 214 Ga. App. at 319-320 (2); *Long v. State*, 241 Ga. App. 370, 371 (1) (b) (526 SE2d 875) (1999).

2. McGruder contends his trial counsel rendered ineffective assistance.

> In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), [McGruder] must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable.

(Citation and punctuation omitted.) *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." (Citation omitted.) *Strickland*, 466 U. S. at 691 (III) (B). McGruder must therefore show that "a reasonable probability existed that the result of his trial would have been different, but for his defense counsel's unprofessional deficiencies." *Woodall v. State*, 261 Ga. App. 213, 214 (582 SE2d 466) (2003). The trial court's finding that McGruder was afforded effective assistance of counsel must be upheld absent clear error. *Hearst v. State*, 212 Ga. App. 492, 494 (2) (441 SE2d 914) (1994).

We generally note that McGruder's acquittal of the statutory rape allegation "strongly supports the conclusion that the assistance actually rendered by [his] trial counsel fell within that broad range of reasonably effective assistance which members of the bar in good standing are presumed to render." (Punctuation and footnote omitted.) *Grier v. State*, 276 Ga. App. 655, 662 (4) (624 SE2d 149) (2005). Nonetheless, we address McGruder's specific claims of his trial counsel's ineffectiveness below.

(a) *Failure to file a demurrer and motion in limine.* McGruder contends his trial counsel was ineffective because he failed to file a demurrer to the indictment, on the ground that it alleged unlawful conduct outside of the jurisdiction of the superior court, i.e., conduct that transpired when McGruder was a juvenile. He also complains of trial counsel's failure to file a motion in limine to exclude evidence relating to acts of molestation that occurred while he was a juvenile. Irrespective of whether his trial counsel was deficient, McGruder cannot show prejudice from the alleged failures. The fact that the indictment alleged conduct that occurred before McGruder turned 17 years of age was not fatal to the action and thus a demurrer would not

have been successful. See *Young v. State*, 205 Ga. App. 357, 363 (5) (422 SE2d 244) (1992) (holding that acts set out in an indictment that transpired outside of the statute of limitation do not result in an invalid indictment so long as the evidence is sufficient to support a conviction during the relevant time period). Moreover, acts of molestation perpetrated by McGruder upon the victim prior to McGruder's turning 17 would have been relevant and admissible in the trial of the case to show McGruder's course or pattern of conduct in molesting the victim, regardless of whether such acts were alleged in the indictment. *Davenport v. State*, 278 Ga. App. 16, 23-25 (2) (d) (628 SE2d 120) (2006).

(b) *Failure to request a charge on the lesser included offense.* McGruder next argues that his counsel was ineffective for failing to request that the trial court charge the jury on the lesser included offense of sexual battery. While the offense of child molestation requires a showing that a person committed an "immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person," the offense of sexual battery requires only that a person "intentionally make[ ] physical contact with the intimate parts of the body of another person without the consent of that person." Compare OCGA § 16-6-4 (a) (child molestation) with OCGA § 16-6-22.1 (b) (sexual battery). Sexual battery may be a lesser included offense of child molestation. *Strickland v. State*, 223 Ga. App. 772 (1) (479 SE2d 125) (1996).

But where "the state's evidence establishes all of the elements of an offense and there is no evidence raising the lesser offense, there is no error in failing to give a charge on the lesser offense." (Citation and punctuation omitted.) *Huckeba v. State*, 217 Ga. App. 472, 475-476 (3) (458 SE2d 131) (1995). Here, there was no evidence presented at trial warranting the charge of sexual battery. McGruder's trial strategy was to attack the credibility of the victim through three witnesses, all of whom testified that they would not believe her testimony under oath. McGruder himself did not testify.

The jury was entitled to infer that McGruder crawled into the victim's bed and touched the victim's legs, breasts, and vagina for the purpose of his own sexual gratification. See *Ney v. State*, 227 Ga. App. 496, 497 (1) (489 SE2d 509) (1997) (recognizing that "[i]ntent, which is a mental attitude, is commonly detectible only inferentially, and the law accommodates this") (citation and punctuation omitted). Based upon the evidence presented, "[McGruder] either committed an act of child molestation or he did not. [The testimony did] not show that he had merely made physical contact . . . with the victim rather than fondling her with the intent to arouse or satisfy his sexual desires." (Citation omitted.) Id. at 503 (4) (g); *Brooks v. State*, 197 Ga.

App. 194, 195 (1) (397 SE2d 622) (1990). Because the evidence did not authorize a charge on sexual battery, McGruder was not prejudiced by his trial counsel's failure to request a charge on the same. Id. Moreover, even if he had requested the charge and his request had been granted, it is highly unlikely in light of the evidence that the jury would have concluded that McGruder inappropriately touched the victim but did not do so for sexual gratification, and therefore, "it is highly probable that the failure to give this charge did not contribute to the verdict." (Punctuation omitted.) *Huckeba*, 217 Ga. App. at 476 (3).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 16, 2006.

*Franklin & Hubbard, Curtis L. Hubbard, Jr.*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.