# WHOLE COURT

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**June 28, 2013**

# In the Court of Appeals of Georgia

A13A0174. REYES v. THE STATE.

ANDREWS, Presiding Judge.

Gerardo Reyes appeals from the judgment of conviction entered on a jury verdict finding him guilty of trafficking in methamphetamine in violation of OCGA § 16-13-31 (e). For the following reasons, we affirm.

1. Contrary to Reyes's contention, the evidence was sufficient to support the guilty verdict.

The State presented the following evidence. A police officer attempting to serve an arrest warrant at a residence saw a man sitting in the front driver's seat of a car parked in front of the residence. The man in the car was later identified as Reyes. Because Reyes resembled the person the officer was attempting to serve, the officer walked toward the car to speak to Reyes. The officer saw that Reyes had a blanket in

his hand and heard him cry out in a nervous and agitated manner as he approached. Before the officer said anything, Reyes stated, "I can't go to jail, can you guys give me a break." The officer saw that a rear window in the car had been broken out, and he saw Reyes put the blanket on the front passenger seat. When he reached the car, the officer saw what appeared to be the tip of a gun protruding from under the blanket on the front passenger seat. The officer ordered Reyes to get out of the car, and as he got out, the officer saw another gun on the driver's floorboard. In a search of the car, the officer found a handgun under the blanket on the front seat and another handgun on the driver's floorboard. In the search, the officer also found suspected methamphetamine concealed in a bag in a fold of the blanket that Reyes held in his hand and placed on the seat. As the officer picked up the blanket, Reyes spontaneously told the officer that the blanket was a birthday gift for his baby. Reyes also had $905 cash on his person. Evidence showed that Reyes did not own the car. The officer, who had training and experience relating to illegal narcotics, testified that the amount of the suspected methamphetamine had a street value of about $10,000. A forensic chemist from the State Crime Lab testified that he tested and weighed the suspected methamphetamine, and that it tested positive for methamphetamine and weighed 33.50 grams.

2

In his defense, Reyes testified that his father was the landlord at the residence; that he was there to "fix some pipes" and to collect the rent; and that the cash on his person was the collected rent money. Reyes said that the car "wasn't moveable"; that it belonged to "[t]he guy that lives there"; and that he had been in the car for about ten minutes before the officer arrived because "the guy there" asked him to fix the car's radio. Reyes said that nothing in the car belonged to him, and that he had no knowledge that any methamphetamine was in the car. He said that he had no recollection of a blanket in the car and never held a blanket in his hand, and he denied making any statements to the officer.

On appeal from his criminal conviction, Reyes is no longer entitled to the presumption of innocence, and the evidence is viewed in a light most favorable to the guilty verdict. *Parker v. State*, 220 Ga. App. 303 (469 SE2d 410) (1996). Viewed in favor of the guilty verdict, the evidence, direct and circumstantial, showed that Reyes had either actual or constructive possession of the methamphetamine.

> [T]he law recognizes that possession can be actual or constructive . . . A person has actual possession of a thing if he knowingly has direct physical control of it at a given time. A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it.

*Holiman v. State*, 313 Ga. App. 76, 78 (720 SE2d 363) (2011) (punctuation and citations omitted). "A finding of constructive possession of contraband cannot rest upon mere spatial proximity to the contraband, especially where, as here, the contraband is hidden." *Mitchell v. State*, 268 Ga. 592, 593 (492 SE2d 204) (1997). Moreover, [e]vidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." *Whipple v. State*, 207 Ga. App. 131, 132 (427 SE2d 101) (1993) (punctuation and citation omitted).

The evidence showed more than Reyes's mere presence at the scene of the crime or mere spatial proximity to the methamphetamine. When the officer approached the car, Reyes was holding a blanket in his hand which he then placed down on the front passenger seat of the car. Reyes admitted that the blanket belonged to him; told the officer "I can't go to jail"; and asked the officer to "give me a break." The officer immediately discovered methamphetamine hidden in a fold of the blanket. This was evidence sufficient to allow the jury to conclude that Reyes was in actual possession of the methamphetamine when the officer approached the car, and that Reyes subsequently hid the methamphetamine by placing it in a fold of the blanket as he put the blanket on the adjacent seat. These circumstances linked Reyes to the

4

methamphetamine hidden in the blanket on the seat and showed that he retained constructive possession with both the power and intention to exercise dominion or control over the methamphetamine. Evidence also showed that the State Crime Lab confirmed that the substance found in the blanket was methamphetamine weighing 33.50 grams, and that it had a street value of $10,000. As to the circumstances showing that Reyes knowingly had constructive possession of the methamphetamine, the proved facts were not only consistent with the hypothesis of guilt, but excluded every reasonable hypothesis save that of guilt. OCGA § 24-4-6. The evidence was sufficient for the jury to find beyond a reasonable doubt that Reyes knowingly had actual or constructive possession of 28 grams or more of methamphetamine, or a mixture containing methamphetamine, and was therefore guilty of trafficking in methamphetamine in violation of OCGA § 16-13-31 (e). *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Reyes claims the trial court erred by failing to give his orally requested jury instruction on "mere presence" because this was his "sole defense."

A trial court is required to instruct the jury sua sponte on a defendant's "sole defense" if supported by some evidence. *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991). But the rule that "mere presence" at the scene of a crime is

5

insufficient to convict was not Reyes's "sole defense" because "mere presence" is not recognized as a separate and discrete defense to a criminal charge. *Muhammad v. State*, 243 Ga. 404, 406 (254 SE2d 356) (1979). Rather, the "mere presence" rule "is really a corollary to the requirement that the state prove each element of the offense charged." Id.; see *State v. Johnson*, 280 Ga. 511, 513 n. 3 (630 SE2d 377) (2006) ("equal access" by others to defendant's car was not "sole defense"; properly viewed, the defense was that the State failed to prove the elements of the charged offense). The trial court correctly instructed the jury on the State's duty to prove each element of the charged offense beyond a reasonable doubt, and fully instructed the jury on the law of circumstantial evidence. Under these circumstances, the trial court did not err by failing to charge on "mere presence." *Muhammad*, 243 Ga. at 406; *Parker v. State*, 270 Ga. 256, 258 (507 SE2d 744) (1998), overruled on other grounds, *Linson v. State*, 287 Ga. 881, 886 (2010).

3. Reyes contends that the trial court erred by failing to sua sponte give a jury instruction on the rebuttable presumption that methamphetamine found hidden in the car was in the exclusive possession of the car's owner.

Citing to *Walden v. State*, 196 Ga. App. 844 (397 SE2d 182) (1990), Reyes claims that he was entitled to this instruction as part of his "sole defense" that he was

6

not the owner or driver of the car; that he was "merely present" in the car to fix the radio for the owner; and that he had no knowledge that methamphetamine was in the car. In *Walden*, a car passenger was charged with constructive possession of cocaine found in a car also occupied by the driver/owner and another passenger. Id. at 844. All three occupants were jointly charged with cocaine trafficking based on possession of the cocaine found in the car. Id. *Walden* found that the passenger's "sole defense" was that he was a "mere passenger in the car" without actual or constructive possession of the cocaine, and that to adequately present this defense to the jury the passenger was entitled to jury instructions: (1) that a rebuttable presumption existed that the driver/owner had exclusive possession of the cocaine in the car; and (2) that evidence showing that a person or persons other than the driver/owner had equal access to the cocaine in the car may or will, depending on the strength of the evidence, overcome the presumption that the cocaine was in the exclusive possession of the driver/owner. Id. at 844-845; see *Castillo v. State*, 166 Ga. App. 817, 821-822 (305 SE2d 629) (1983) (setting forth the "rebuttable presumption" and "equal access" rules in the context of automobiles). We find that *Walden* wrongly decided that the accused passenger was entitled to jury instructions on the "rebuttable presumption"

7

and the "equal access" rule as part of the passenger's "sole defense" of "mere presence."

Where an owner or driver of an automobile has exclusive possession of the automobile, the inference is that the owner or driver has exclusive possession of contraband found in the automobile. *Farmer v. State*, 152 Ga. App. 792, 794-797 (264 SE2d 235) (1979) (punctuation and citation omitted); *Castillo*, 166 Ga. App. at 821-822; *Fears v. State*, 169 Ga. App. 172, 173 (312 SE2d 174) (1983); *Ledesma v. State*, 251 Ga. 487 (306 SE2d 629) (1983). "[T]his inference has been referred to as a rebuttable presumption." *Farmer v. State*, 152 Ga. App. at 795 (punctuation and citation omitted). The presumption is rebuttable and does not apply where evidence shows that a person or persons other than the owner or driver had equal access to the automobile and thus equal opportunity to possess the contraband. *Fears*, 169 Ga. App. at 173; *Ledesma*, 251 Ga. at 487.

As set forth above, the owner/driver and the two passengers in *Walden*, supra, were charged with joint constructive possession of the cocaine based on equal access to the car. Accordingly, there was no evidentiary basis in *Walden* for a presumption that the owner/driver had exclusive possession of the cocaine, and the trial court gave no instruction on the presumption. *Castillo*, 166 Ga. App. at 821-822; *Farmer*, 152

8

Ga. App. at 794-796; *Fears*, 169 Ga. App. at 173. Because no presumption arose in *Walden* that the owner/driver had exclusive possession of the cocaine, there was no basis for jury instructions on "equal access" which "is merely a defense available to the accused to whom a presumption of possession flows." *Johnson*, 280 Ga. at 513 (punctuation and citation omitted); *Wiggins v. State*, 258 Ga. App. 703, 704-705 (574 SE2d 896) (2002). Moreover, because no presumption arose that the owner/driver in *Walden* had exclusive possession of cocaine found in the automobile, the passenger in the automobile had no right to jury instructions raising the rebuttable presumption (or equal access) to support a defense that he was merely present and did not have possession of the contraband. *Thompson v. State*, 234 Ga. App. 74, 77 (506 SE2d 201) (1998); *Williams v. State*, 210 Ga. App. 437, 438-439 (436 SE2d 550) (1993); *Palencia-Barron v. State*, 318 Ga. App. 301, 306-307 (733 SE2d 824) (2012). Finally, for the reasons set forth in Division 2, supra, jury instructions on the "rebuttable presumption" and "equal access" were not otherwise required in *Walden* as the passenger's "sole defense" that he was "merely present" in the car. For all these reasons, the decision in *Walden*, 196 Ga. App. 844, is overruled.

Based on the facts in the present case, the State did not rely on a presumption that Reyes, the sole occupant of the car, had exclusive possession of the

9

methamphetamine found in the car, and the trial court gave no such jury instruction. Under these circumstances, Reyes had no right to jury instructions raising the rebuttable presumption to support his "sole defense" that he was "merely present" in the car and did not have possession of the contraband. The trial court did not err by failing to instruct the jury on a rebuttable presumption that the methamphetamine found hidden in a car was in the exclusive possession of the car's owner.

4. Reyes contends that the trial court erred by failing to instruct the jury on knowledge as an essential element of the offense of trafficking in methamphetamine.

Under OCGA § 16-13-31 (e), a person commits the offense of trafficking in methamphetamine when he "knowingly sells, delivers, or brings into this state or has possession of 28 grams or more of methamphetamine . . . or any mixture containing . . . methamphetamine. . . ." Specifically, Reyes contends the trial court failed to instruct the jury that knowledge is an essential element of the crime of trafficking in methamphetamine, and that the State had the burden to prove beyond a reasonable doubt that he had knowledge that the crime of trafficking in methamphetamine was being committed. OCGA § 16-13-31 (e).

Because Reyes failed to object to the jury instructions given at the trial, any alleged error in the instructions as given is reviewed on appeal only to determine if

those instructions constituted "plain error." OCGA § 17-8-58 (b); *State v. Kelly*, 290

Ga. 29, 31 (718 SE2d 232) (2011). Under *Kelly*, four prongs are considered when

analyzing jury instructions for plain error:

> First, there must be an error or defect – some sort of deviation from a legal rule – that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the *discretion* to remedy the error – discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Kelly*, 290 Ga. at 33 (emphasis in original; punctuation and citations omitted).

"[J]ury instructions must be read and considered as a whole in determining

whether the charge contained error." *Hines v. State*, __ Ga. App. __ , 2013 WL

1223847 at *9 (Mar. 27, 2013) (punctuation and citation omitted). In relevant part,

the trial court instructed the jury that Reyes was charged under the indictment with

trafficking in methamphetamine by knowingly possessing more than 28 grams of

methamphetamine; that the defendant was presumed innocent; and that the State had

the burden to prove every material allegation in the indictment and every essential

element of the charged crime beyond a reasonable doubt. As to actual or constructive

11

possession, the court instructed the jury that a person has actual possession of a thing when he knowingly has direct physical control, and constructive possession when he knowingly has both the power and the intention to exercise dominion or control. The court further instructed the jury that there must be a joint operation of act and intention to constitute a criminal violation; that intent is an essential element of any crime which the State must prove beyond a reasonable doubt; and that a defendant will not be presumed to have acted with intent, but intent may be inferred from the proven circumstances. Finally, the court instructed the jury that to obtain a conviction on circumstantial evidence alone, the proven facts must not only be consistent with the theory of guilt but must exclude every reasonable theory save that of guilt.

Considered as a whole, the above instructions substantially covered the knowledge instruction that Reyes claims should have been given. *Copeland v. State*, 263 Ga. App. 776, 780 (589 SE2d 319) (2003); *Smallwood v. State*, 296 Ga. App. 16, 25 (673 SE2d 537) (2009), overruled on other grounds, *Stephens v. State*, 289 Ga. 758, 759 n.2 (2011); *Hines*, 2013 WL 1223847 at *9. Accordingly, we find under the first *Kelly* prong that there was no deviation from any legal rule and therefore no plain error.

5. Reyes claims that his trial counsel was ineffective because he failed to object to the trial court's failure to instruct the jury on "mere presence" as his "sole defense."

> To obtain reversal of a conviction based on a claim of ineffective assistance of counsel, a defendant has the burden of proving that counsel's performance was deficient, and that, but for the deficiency, there was a reasonable probability the outcome of the trial would have been different. *Strickland v. Washington,* 466 U. S. 668 (104 SC[t] 2052, 80 LE2d 674) (1984); *Terry v. Jenkins,* 280 Ga. 341, 342 (627 SE2d 7) (2006). To establish deficient performance, a defendant must show that counsel's performance fell below an objective standard of reasonableness under the circumstances confronting counsel at the time without resorting to hindsight. *Strickland,* 466 U. S. at 689-690; *Franks v. State,* 278 Ga. 246, 250 (599 SE2d 134) (2004). In considering adequacy of performance, trial counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U. S. at 690. "A claim of ineffective assistance of counsel is a mixed question of law and fact: we accept the trial court's factual findings unless clearly erroneous, but we independently apply the legal principles to the facts." *Franks,* 278 Ga. at 250.

*Connelly v. State*, 295 Ga. App. 765, 768-769 (673 SE2d 274) (2009).

We find no basis for concluding that trial counsel's failure to object to the lack of a jury instruction on "mere presence" was deficient performance. As set forth in Division 2, supra, the defense of "mere presence" at the scene of a crime did not constitute Reyes's "sole defense." Rather this defense "is really a corollary to the requirement that the state prove each element of the offense charged." *Muhammad*,

13

243 Ga. at 406. Because the trial court gave instructions on the State's duty to prove each element of the charged offense beyond a reasonable doubt, and on the law of circumstantial evidence, the "mere presence" defense was substantially covered, and there was no error in failing to give a specific instruction on "mere presence." *Smoot v. State*, 316 Ga. App. 102, 114-115 (729 SE2d 416) (2012); *Muhammad*, 243 Ga. at 406; *Parker*, 270 Ga. at 258. The trial court did not err by denying Reyes's motion for a new trial on the basis that trial counsel was ineffective.

*Judgment affirmed. Ellington, C. J., Barnes, P. J., Phipps, P. J., Doyle, P. J., Miller, Dillard, McFadden, Boggs, Ray, Branch, and McMillian, JJ., concur.*