**THIRD DIVISION
DOYLE, P. J.,
REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 6, 2022**

# In the Court of Appeals of Georgia

A22A0501, A220502. HUTCHESON v. THE STATE; and vice versa.

REESE, Judge.

A jury found Bryan Hutcheson guilty of aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon.[1] The trial court sentenced Hutcheson as a recidivist to 25 years with the first 15 years to be served in confinement. Hutcheson filed a motion for new trial and a motion for resentencing. Hutcheson appeals from the court's denial of his motion for new trial, and the State appeals from the court's grant of Hutcheson's motion for resentencing. For the reasons set forth infra, we affirm the trial court's denial of

---

[1] See OCGA §§ 16-5-21 (a) (2); 16-11-106 (b) (1); 16-11-131 (b).

Hutcheson's motion for new trial and reverse the court's grant of Hutcheson's motion for resentencing.

Viewed in the light most favorable to the jury's verdict,[2] the record shows the following. On February 15, 2016, Hutcheson and his girlfriend, T. P., checked into a hotel after leaving a nearby hospital. T. P. testified at trial that she and Hutcheson borrowed money to pay for the room from a man whom T. P. did not know, but who was identified at trial as Jason Adams. After checking into the hotel, Hutcheson and Adams began "[d]rinking, smoking, sniffing[ ]" in the room, and T. P. took a shower.

T. P. testified that while in the shower she overhead Hutcheson and Adams arguing. Adams eventually left, and only Hutcheson and T. P. were in the room. When T. P. awoke the next morning, Hutcheson was already awake and sitting on the bed. T. P. got out of bed to turn on the air conditioning, and as she turned around, she was shot in the stomach. T. P. testified that she said to Hutcheson "why did you shoot me," and that he "shook [her] up and down in the corner of the room[,]" and said "oh my God, I don't know what I'm going to do." Hutcheson also told T. P. that if anyone asked she should tell them "it's the white man," which was a reference to Adams.

---

[2] See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979); *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

T. P. testified that she told Hutcheson if he left she would not tell anyone he shot her. Hutcheson responded that if she told anyone about the shooting he would come to the hospital and kill her. T. P. also testified that Hutcheson wiped blood off the door and the wall, and called someone whom he told "I finally shot the bitch[,]" and said he would meet the person at the Burger King in ten minutes. Hutcheson then grabbed his luggage and left.

At trial, Hutcheson's long-time friend, Dontavious Smith, testified that he received a call from Hutcheson the morning of the shooting and that he picked Hutcheson up from the hotel. Although Smith testified that Hutcheson appeared upset and began to cry, Smith also testified that he did not know about the shooting until he learned about it from the news.

T. P. was taken to the hospital for her injuries and she remained in a coma for approximately four weeks. When she was able to speak, T. P. provided a statement to police, and Hutcheson was subsequently arrested. Officers investigating the shooting did not recover a gun from the scene, and T. P. stated that she had not seen Hutcheson with a gun the morning of the shooting. However, at trial she testified that Hutcheson had a MAC-11 handgun in the room the night before, and that he always

3

had the gun with him. The detective assigned to the case also testified that Hutcheson posted a picture of a MAC-11 on his Facebook page.

Hutcheson was indicted for aggravated assault, possession of a firearm during commission of a felony, and possession of a firearm by a convicted felon, and a jury found him guilty on all charges. At sentencing, the State argued that the trial court should sentence Hutcheson as a recidivist under OCGA § 17-10-7 (a) and (c) because he had prior felony convictions: (1) first-degree forgery in 2002; (2) possession of a firearm by a convicted felon in 2003; (3) possession of cocaine and obstruction of a law enforcement officer in 2008; and (4) aggravated assault in 2018. The trial court sentenced Hutcheson as a repeat offender under OCGA § 17-10-7 and imposed a sentence of 25 years with the first 15 years to be served in confinement.[3]

Hutcheson filed a motion for new trial and later amended it to include a motion for resentencing. The trial court denied Hutcheson's motion for new trial, but granted his motion for resentencing. At the resentencing hearing, the trial court found that two of Hutcheson's prior felony convictions could not serve as predicate convictions

---

[3] The trial court did not designate on the sentencing order which paragraph of OCGA § 17-10-7 applied. However, the State recommended at the sentencing hearing that Hutcheson be sentenced pursuant to paragraphs (a) and (c) of OCGA § 17-10-7, and neither the court nor Hutcheson's trial attorney discussed an alternative approach.

4

supporting sentencing under OCGA § 17-10-7 (c), and sentenced him as a repeat offender only under OCGA § 17-10-7 (a).[4]

Hutcheson now appeals from the trial court's denial of his motion for new trial, arguing that he received ineffective assistance of counsel, and the State appeals from the trial court's grant of Hutcheson's motion for resentencing.

"In reviewing a trial court's determination regarding a claim of ineffective assistance of counsel, this court upholds the trial court's factual findings unless they are clearly erroneous; we review a trial court's legal conclusions de novo."[5] "Whether a defendant was properly sentenced as a recidivist under OCGA § 17-10-7 is subject to de novo review."[6] With these guiding principles in mind, we now turn to the parties' claims of error.

---

[4] The court also corrected Hutcheson's sentence for possession of a firearm by a felon because OCGA § 16-11-131 (b) requires a term of imprisonment and the court originally sentenced him to probation. However, the court left the remaining terms of Hutcheson's sentence unchanged.

[5] *Bubrick v. State*, 293 Ga. App. 502, 504 (3) (667 SE2d 666) (2008) (punctuation and footnote omitted).

[6] *Collins v. State*, 352 Ga. App. 151, 153 (1) (834 SE2d 291) (2019) (citation and punctuation omitted).

1. Hutcheson argues that the trial court erred in denying his motion for new trial because his trial counsel offered ineffective assistance. Specifically, Hutcheson asserts that his counsel was deficient in failing to cross-examine Smith about whether Hutcheson said "I finally shot the bitch" when he called for a ride the day of the shooting, and that this error prejudiced his defense.

> In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*,[7] Hutcheson] must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable.[8]

Additionally, the Supreme Court of Georgia has held,

> [t]he scope of cross-examination is grounded in trial tactics and strategy, and will rarely constitute ineffective assistance of counsel. More specifically, the extent of cross-examination is a strategic and tactical decision. Decisions about cross-examination do not amount to deficient

---

[7] 466 U.S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

[8] *McGruder v. State*, 279 Ga. App. 851, 854 (2) (632 SE2d 730) (2006) (citation and punctuation omitted).

performance unless they are so unreasonable that no competent attorney would have made them under similar circumstances.[9]

Although Hutcheson asserts that not asking Smith on cross-examination whether he made the statement could have helped discredit T. P., trial counsel testified at the motion for new trial hearing that he was not certain that Smith would have denied that Hutcheson made the statement if asked. Additionally, Smith testified on cross-examination that he did not know about the shooting until he learned about it through the news, which trial counsel stated he believed was sufficient to show that Hutcheson did not make the statement to Smith.

"[T]he test regarding effective assistance of counsel is to be not errorless counsel, and not counsel judged ineffective by hindsight, but counsel rendering reasonably effective assistance."[10] Accordingly, trial counsel's decision not to ask Smith about the statement attributed to Hutcheson was not "so unreasonable that no competent attorney would have made [it] under similar circumstances."[11] Thus, the

_____

[9] *Gaston v. State*, 307 Ga. 634, 642 (2) (d) (837 SE2d 808) (2020) (citations and punctuation omitted).

[10] *Adams v. State*, 322 Ga. App. 782, 786 (2) (b) (746 SE2d 261) (2013) (citations and punctuation omitted).

[11] *Gaston*, 307 Ga. at 642 (2) (d) (citation and punctuation omitted).

trial court did not err in concluding that Hutcheson did not receive ineffective assistance of counsel.[12]

*Case No. A22A0502*

2. The State argues that the trial court erred in granting Hutcheson's motion for resentencing as the four felony convictions presented by the State were sufficient to support sentencing Hutcheson as a recidivist under OCGA § 17-10-7 (c).

OCGA § 17-10-7 (c) states,

[A]ny person who, after having been convicted under the laws of this state for three felonies . . . commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

(a) The State contends the trial court erred in finding that because Hutcheson's 2008 sentence for possession of cocaine and obstruction of an officer was void, his

---

[12] See *Cooper v. State*, 281 Ga. 760, 762 (4) (a) (642 SE2d 817) (2007).

convictions for these offenses could not be used to sentence him as a recidivist under OCGA § 17-10-7 (c). We agree.

Here, the record shows that in 2008 Hutcheson pled guilty to possession of cocaine and obstruction of a law enforcement officer, and the court imposed a ten-year sentence to run concurrently on both counts. The trial court correctly found that this sentence was void because under OCGA § 16-10-24 (b) the maximum sentence for obstruction of an officer is five years.[13] However, although the sentence was void, "[a] claim challenging a conviction and a claim challenging the resulting sentence as void are not the same."[14] In the present matter, Hutcheson's conviction for obstruction of an officer constituted a felony,[15] and there was no assertion that his guilty plea was invalid or that there were grounds to reverse his conviction.[16] Moreover, OCGA § 17-

---

[13] See *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013) ("[A] sentence is void if the court imposes punishment that the law does not allow.") (citation and punctuation omitted).

[14] See *State v. Green*, 308 Ga. App. 33, 34-35 (1) (706 SE2d 720) (2011).

[15] See OCGA § 16-10-24 (b) ("Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . of his or her official duties by offering or doing violence to the person of such officer or legally authorized person shall be guilty of a felony[.]").

[16] Although the issue of waiver was not raised below, we note that unlike claims of a void sentence, "a defendant can waive a claim that such a prior conviction

9

10-7 itself states that paragraph (c) applies to individuals who have been previously convicted of three felonies, but does not contain any requirements related to the individuals' prior sentences for these offenses.[17]

Thus, as Hutcheson's 2008 felony conviction remains, we conclude that the court erred in ruling that this conviction could not be used to support his sentence under OCGA § 17-10-7 (c).

(b) Based on our holding in Division 2 (a), supra, we need not reach the State's remaining arguments.

*Judgment affirmed in Case No. A22A0501. Judgment reversed in Case No. A22A0502. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

is invalid because it was entered upon a guilty plea that was not knowing and voluntary." *von Thomas*, 293 Ga. at 573 (2).

[17] See *State v. Temple*, 189 Ga. App. 284, 285 (1) (375 SE2d 300) (1988) ("Although the prior offense upon which the recidivist count is based was a felony, the trial court imposed a misdemeanor sentence. [However,] it is not the punishment imposed in a given case but the punishment that may be imposed that characterizes the crime.") (citation and punctuation omitted).